## S. A. SIVERTS v. EUNICE DAHOOT.[1]

October 28, 1921.

No. 22,339.

**Judgment notwithstanding verdict.**
> 1. Plaintiff was not entitled to judgment notwithstanding the ver-
> dict.

**Reasonable value of services rendered.**
> 2. It was error to submit the reasonable value of services rendered,
> for there was no evidence as to such value, and the only proof in re-
> spect to the services was that they were rendered under an express con-
> tract at a stipulated price.

**Verdict perverse.**
> 3. A verdict, based upon an express contract, for about one-third of
> the amount which should have been awarded if the contract had
> existence, must be regarded· as perverse, and should not be allowed
> to stand, following Alden v. Sacramento Fruit Lands Co. 137 Minn. 161.

Action in the district court for Morrison county to recover $1,900 upon 11 promissory notes. Defendant in his amended answer set up a counterclaim for $3,650. The case was tried before Roeser, J., who at the close of the testimony ·denied defendant's motions for a directed verdict and a jury which returned a verdict in favor of defendant for $1,-300. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*E. A. Kling* and *W. H. Cherry,* for appellant.
*D. M. Cameron,* for respondent.

HOLT, J.
Plaintiff sued upon 11 promissory notes executed by defendant, aggregating $1,900 and interest. Defendant answered that the notes were executed without consideration and for the sole accommodation of plain-

[1]Reported in 184 N. W. 839.

tiff, and set up as a counterclaim that he had worked for plaintiff during the years 1912 to and including 1918 at the agreed price and reasonable value of $1,200 for each year, and for the sum of $100 during 1919, and there was due and unpaid $3,650 and interest. A verdict for $1,300 was rendered in favor of defendant. Plaintiff's motion for judgment or a new trial was denied, and he appeals.

Defendant, a native of Kurdistan, Turkey, came to this country in his youth, and finally settled down in Morris, Minnesota, about 1900. Soon thereafter he became the owner of a team and engaged in draying until 1908 or 1909, when he entered the ice business, conducting it under the name of City Ice Company. He bought a lot for an ice house, put up and retailed ice. He was wholly illiterate, and procured plaintiff, a banker at Morris, to keep whatever books were necessary in the business. Plaintiff's bank also loaned him the money he needed. This admittedly kept on until 1912, and, so far as any one else knew, until the fall of 1919, when a controversy arose between the parties. In the answer and upon the trial defendant asserted that in January, 1912, he sold the ice business to plaintiff and was then hired by plaintiff to run it for him, and to do this in defendant's name, precisely as theretofore, his wages to be $100 per month; that under this arrangement defendant worked for plaintiff until the fall of 1917, when he bought an ice business in Little Falls, and that from that time on he was to receive $100 a year for letting plaintiff carry on the ice business ostensibly as that of defendant. We shall not discuss the remarkable story of defendant as to the ownership of the ice business at Morris from January, 1912, to the fall of 1919, for we are of opinion that, under the testimony, it became a jury question, and hence there was no error in denying the motion for judgment notwithstanding the verdict.

We, however, deem the verdict perverse and not justified by the evidence. That it is such is due in part perhaps to an error in the charge. The counterclaim averred the wages to be of the agreed price and reasonable value of $100 per month. There was no evidence whatever of the value of the services. Indeed, there was no room for an implied contract, either as to employment or compensation. The testimony of defendant alone supported his counterclaim, and that was that there

was an express contract of hiring at stipulated monthly wages. "An express contract necessarily excludes a contemporaneous implied one in relation to the same matter." Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845, 9 L.R.A. 52. Under this state of the evidence it was error for the court to charge the jury that a verdict might be given defendant for the reasonable value of his services, if they found no agreement for a specified salary. That the pleading alleged a reasonable value of the services did not justify a recovery on that basis, unless there was evidence of such value.

In addition to the error in the charge affecting the verdict, it is perverse and irreconcilable with the evidence. There could be no offsetting of claims in this case. If plaintiff's notes were the valid obligations of defendant, the whole counterclaim must be rejected. And, if defendant was justly entitled to compensation for services, it must follow that plaintiff and not defendant was operating the ice business, and no recovery could be had on any of the notes sued on which were issued for carrying on that business. Defendant's wages for six years at $100 per month would amount to $7,200, and for two years more at $100 a year would make a total of $7,400. The answer avers payment to the amount of $3,750, leaving a balance due of $3,650 and interest. It is not certain just what date in the fall of 1917 defendant left Morris and started the ice business at Little Falls, but the jury would not be justified in reducing the principal sum asked for more than two or three hundred dollars. The interest, which the court instructed the jury to give if the verdict was for defendant, would amount to over $1,000, so that about $4,650 was the lowest amount for which a verdict could have been rendered for defendant. The verdict returned was for $1,300.

The argument is made that plaintiff should not be heard to complain since he is not prejudiced. The argument is not sound. The verdict does not respond to the evidence of either party. As well said by Justice Dibell in the case of Alden v. Sacramento Fruit Lands Co. 137 Minn. 161, 163 N. W. 133: "The jury compromised, not on the question whether there was a contract between the parties, nor upon what it was, nor upon what the recovery on the contract basis should be, but between the right of recovery and its amount. This compromise was

·a sacrifice of the very principle upon which a proper recovery rested. Neither the plaintiff nor the defendant had the fair judgment of the whole jury upon all the issues." In that case the jury awarded about one-half of what the evidence indicated as proper; if any award at all should have been made in the instant case, it is about one-third of the correct amount.

Insofar as the order denied a new trial it is reversed and a new trial granted.