DAVID WILLETT v. MARINUS H. SEERUP, DOING BUSINESS UNDER THE NAME AND STYLE OF M. SEERUP.[1]

January 6, 1922.

No. 22,515.

Where verdict should have been $2,200 or $225, one of $1,200 was perverse.
Where plaintiff relied upon an express contract under which he was entitled to a commission of $2,200, and defendant relied upon an alleged modification of this contract under which plaintiff was only entitled to a commission of $225, and the court directed the jury to return a verdict for one or the other of these amounts, a verdict for $1,200 cannot stand.

Action in the district court for Martin county to recover $2,200 commission in selling a farm. In his answer defendant offered judgment in the sum of $225. The case was tried before Dean, J., who instructed the jury as narrated in the opinion. The jury returned a verdict for $1,200. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Haycraft & McCune*, for appellant.
*DeForrest Ward* and *Albert R. Allen*, for respondent.

TAYLOR, C.

Plaintiff sued for his commission for selling a farm for defendant and recovered a verdict for $1,200, and defendant appeals from an order denying a new trial.

Plaintiff was authorized to sell the farm for the sum of $25,600 net to defendant and was to have as his commission whatever amount he obtained above that price. He sold the farm for the sum of $27,800, being $2,200 above the net price of defendant, but in order to consummate the deal three lots in the city of Fairmont were taken as payment of $4,000 of the selling price. This fact and the fact that defendant obtained only $2,400 for the lots when he subsequently sold them, and incurred an expense of $150 in making the sale, give rise to the present controversy.

[1]Reported in 186 N. W. 225.

Plaintiff claimed that defendant had agreed to take other property approved by himself in part payment of the selling price and that he had approved the lots and took them for the sum of $4,000. Defendant denied any such agreement. He claimed that the agreement contemplated a cash sale and did not apply in case of a trade, and that he accepted the lots with the express understanding that plaintiff could have them on paying him $1,800, the amount by which his net price exceeded the amount of the cash payments. This was denied by plaintiff. After the sale they had somewhat extended negotiations in an attempt to adjust the controversy, during which various proposals and counter proposals were made. Defendant offered to convey the lots to plaintiff on being paid the sum of $1,800. Plaintiff seems to have made an unsuccessful attempt to raise the money, and then offered to take the lots and give defendant a mortgage thereon for $1,800, which was declined. Plaintiff offered to take either $2,200 in money or a deed for 22/40 of the lots, which was also declined. Defendant offered to place the lots on sale and to divide equally with plaintiff whatever amount was received for them over and above $1,800, and claims that plaintiff accepted this proposition. Plaintiff denies accepting it.

Defendant sold the lots, realizing therefrom $2,250 after deducting the expense of making the sale, and offered plaintiff $225 as his share of the excess above $1,800 received for them. Plaintiff refused the offer and brought suit for the sum of $2,200. Defendant tendered judgment for the sum of $225. The court instructed the jury to the effect that they should return a verdict for plaintiff in the sum of $2,200 if they found the agreement to have been as asserted by him, and in the sum of $225 if they found it to have been as asserted by defendant. They returned a verdict for $1,200.

Defendant contends that a verdict in the sum of $1,200 is wholly without evidence to sustain it; that under the evidence, and the theory of both parties at the trial, plaintiff was either entitled to the sum of $2,200 or only to the sum of $225. We think this contention well taken. No evidence was offered as to the value of plaintiff's services and no claim was made that he was entitled to recover upon quantum meruit. Both parties relied upon an express

contract, and the question litigated was whether, by the terms of the contract, plaintiff was entitled to the sum of $2,200 as asserted by him or only to the sum of $225 as asserted by defendant. We find no basis in the record for the verdict returned, and it must be deemed what is termed in the books a perverse verdict. 22 Am. & Eng. Enc. (2d ed.) 759; Alden v. Sacramento S. F. Co. 137 Minn. 161, 163 N. W. 133; Siverts v. Dahoot, 150 Minn. 179, 184 N. W. 839. It is not supported by any evidence in the case and violated the instructions of the court, and for these reasons cannot stand.

Order reversed.