A. C. KRUEGER v. O. A. HENSCHKE AND ANOTHER.
JOSEPHINE KRUEGER v. SAME.
DELORES KRUEGER v. SAME.[1]

May 16, 1941.

Nos. 32,731, 32,732.

[1]Reported in 298 N. W. 44.

*Lauerman & Pfeiffer,* for appellants.

*D. S. Lane,* for respondents.

HOLT, JUSTICE.

About seven o'clock in the afternoon of June 29, 1939, a clear day, there was a collision between an automobile owned and driven by Reverend A. C. Krueger and a truck owned by defendant O. A. Henschke and operated by his wife, Anita. The Krueger car was damaged and he was injured, and so were his wife, seated to his right, and his 14-year-old daughter, Delores, in the back seat. Each sued defendants to recover damages. The three cases were tried together and a separate verdict rendered in favor of each plaintiff. The verdict for Reverend Krueger was for $626.50. The verdict for Mrs. Krueger read: "We, the jury impaneled and sworn in the above entitled action, find for the plaintiff and assess her damages in the sum of $00 None Dollars." The verdict for Delores was for $1,800. Each plaintiff moved for a new trial as to damages only, claiming inadequacy of the amount awarded. The court granted Mrs. Krueger a new trial as to all the issues, and denied Reverend Krueger and Delores a new trial. They each appeal.

In view of our conclusion that there should be a new trial, there should be no extended discussion of the details of the collision. A mere outline of what happened should suffice. Reverend Krüeger was driving westerly on a two-lane, graveled, through highway running east and west in Renville county. Defendants occupy a farm on the north side of the highway, and a graveled lane or roadway leads from their dwelling south some 900 feet to the highway. A wire fence separates the farm from the highway. At this time weeds some five feet tall along the fence obstructed the view of a car coming from defendants' home until it about emerged from the gate or opening in the fence. As Mrs. Henschke approached the highway she noticed a car driven by one Beihoffer coming from the west, and, as he passed, Mrs. Henschke, without stopping, entered the highway turning to the left. As she crossed the center, Reverend Krueger's car, traveling 25 to 30 miles an hour, struck her truck just back of the cab. Neither driver saw the other until just before the impact.

The trial court recognized that the jury had not rightly determined Mrs. Krueger's damages. Although the verdict was in her favor, no damages were given. She received rather severe bumps, bruises, and contusions. The same jury that went wrong in appraising Mrs. Krueger's damages also appears to have misjudged those sustained by Reverend Krueger, and very likely the same vice affected the damages awarded Delores. We think it is demonstrable that the verdict for Reverend Krueger is inadequate. Defendants offered no evidence to dispute or question the sums Krueger paid out or incurred for medical services and hospital charges for himself, wife, and daughter because of the injuries suffered in the collision. These amounted to $524.50, besides damage to his car, which at the lowest figure suggested in the evidence was $185. So the special damages exceed by $83 the verdict awarded him, to say nothing of the time and expense of taking the girl 15 times to St. Paul for treatment. The jury must have acquitted Krueger of contributory negligence. He was entitled to a fair estimate of the suffering and physical injuries sustained.

The damages resulting to Delores are more difficult to appraise from the record made. There was evidence that the young girl had been good-looking. A photograph taken about a year before this collision was offered in evidence and excluded, but no exception saved. Delores had broken her nose when about seven years old. It had healed so as to interfere with her breathing, and on June 6, 1939, Dr. Newhart of Minneapolis operated on the nose to give relief. Then, in this collision, in addition to other injuries, her nose was crushed—both bones and cartilage—so as entirely to disfigure her, and plastic surgery had been done by Dr. Hochfilzer of St. Paul, a specialist. At the trial Delores's counsel requested the court to instruct the jury to return a verdict for her, the amount only to be determined by them. And on the motion for a new trial, the same request was made that there be a new trial only as to damages.

In addition to the assignment of the inadequacy of Delores's damages, her counsel also assigns error as to the examination of Dr. Waldron, claiming that the knowledge possessed by the doctor was privileged under 2 Mason Minn. St. 1927, § 9814. We see no need of considering that assignment now. The examination the doctor made was not for the purpose of treating the girl. Cherpeski v. G. N. Ry. Co. 128 Minn. 360, 150 N. W. 1091; Travelers Ins. Co. v. Bergeron (8 Cir.) 25 F. (2d) 680, 58 A. L. R. 1127. The impression from the record is that counsel was merely raising objections in order to have errors in reserve in case of an unsatisfactory verdict.

The damages awarded Mrs. Krueger and Reverend Krueger being clearly inadequate due to some fault or misconception of the jury, the thought is inescapable that the same fault or misconception inheres in Delores's verdict. We concede to the trial court discretion in granting Mrs. Krueger a new trial upon all the issues in the case instead of restricting it only to the question of damages. In the interest of justice, these three cases should again be tried together. The orders denying Reverend Krueger and

Delores a new trial are reversed, and as to each a new trial is granted upon all the issues in the case.

So ordered.

