ALFRED N. OLSON v. CHARLES K. CHRISTIANSEN.[1]

February 10, 1950.

No. 35,007.

---

■■■■■■■■■■■■■

*George C. Stetson* and *Charles E. Carlson,* for appellant.
*Swensen & Anderson,* for respondent.

MATSON, JUSTICE.

After a verdict in his favor, plaintiff appeals from an order deny-ing his motion for a new trial on the issue of damages only, or, in the alternative, for a new trial upon all issues.

The jury's verdict for plaintiff obviates a discussion of the issue of negligence. On September 11, 1947, in the city of Minneapolis, defendant's automobile collided with the rear end of plaintiff's car, and as a result thereof plaintiff sustained personal injuries and property damage. The jury gave plaintiff a verdict for $500. Upon the grounds that the verdict was contrary to law and the evidence and because the damages were so inadequate as to appear to have been given under the influence of passion and prejudice, plaintiff moved the court to vacate the verdict and grant a new trial on the issue of damages only, or, in the alternative, for a new trial on all issues. The trial court, after finding that the verdict was inade-quate and that it had apparently been given under the influence of passion and prejudice, granted plaintiff's motion *unless* defendant should consent to the entry of judgment in favor of plaintiff for $1,000. Defendant consented to the additur, whereby plaintiff's motion in effect stood denied. Plaintiff appealed.

For the simple reason that, if the jury's verdict had in fact been for $1,000 instead of $500, it would still have been inadequate, we find it unnecessary to consider plaintiff's contention that where passion and prejudice have once motivated the jury the use of addi-tur, followed by defendant's consent thereto, works a deprivation of the right to a jury trial in violation of the constitution.[2]

[2]See, 19 Minn. L. Rev. 661, 32 Mich. L. Rev. 538, 44 Yale L. J. 318, 324, 325; Annotations, 53 A. L. R. 779 and 95 A. L. R. 1163; Minn. Const. art. 1,

We have undisputed evidence that plaintiff, for a period of a little more than three months after the accident, was wholly unable to pursue gainful employment and thereby sustained a wage loss of $876. We need not consider other alleged loss of earnings. His medical bill amounted to $130, and the damage to his automobile was $45.42. These three items—loss of earnings plus special damages for medical expense and damage to the car—amount to a total of $1,051.42.

Did plaintiff sustain general damages? His personal physician testified that plaintiff sustained a sacroiliac sprain of his back and a partial tearing of the muscles of his neck, with a consequent limitation of neck movement by reason of scar-tissue formation. When he examined plaintiff on January 31, 1949, partial disability was still present, but it was his opinion that plaintiff's neck injuries would yield to proper treatment. Another medical expert was of the opinion that the injuries to plaintiff's back and neck were both permanent. Evidence of pain, suffering, and disability was not only subjective but objective. We have no evidence that plaintiff was malingering.

The award of damages by the jury, although increased to $1,000 by the use of additur, did not even pay plaintiff what he was out of pocket for special damages and for his minimum loss of earnings. Apparently nothing, not even nominal damages, was awarded by way of general damages for plaintiff's pain, suffering, and prolonged partial disability. Either plaintiff was entitled to recover his actual special damages and something additional for general damages or he was not entitled to recover anything at all. Ulrich v. Kessler, 204 Minn. 74, 282 N. W. 801. Where the general damages are substantial, an award of nothing therefor, or a mere nominal award, will not do. Shearer v. Puent, 166 Minn. 425, 208 N. W. 182.

§ 4. In Minnesota, the constitutionality of the use of additur has not heretofore been considered. Marsh v. Minneapolis Brg. Co. 92 Minn. 182, 99 N. W. 630; Ford v. Minneapolis St. Ry. Co. 98 Minn. 96, 107 N. W. 817, 8 Ann. Cas. 902; Gamble v. Smith, 211 Minn. 457, 1 N. W. (2d) 411; Podgorski v. Kerwin (dicta), 147 Minn. 103, 179 N. W. 679; 5 Dunnell, Dig. & Supp. § 7141.

Although the grant or refusal of a new trial for inadequate damages rests largely with the trial court, whose decision thereon is subject to the general rule applicable to other discretionary orders for purposes of review (Litman v. Walso, 211 Minn. 398, 1 N. W. [2d] 391), a new trial will be ordered by the appellate court where upon the record the damages awarded appear entirely inadequate. Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582. Here, passion and prejudice were found to be present. A new trial should be had on all issues. The order of the trial court is reversed and a new trial granted.

Reversed.

[1]Reported in 41 N. W. (2d) 586.