# CHARLES A. FORTIER v. BERT NEWMAN.

## 78 N. W. (2d) 382.

### July 20, 1956—No. 36,831.

*King & MacGregor* and *Thomas J. Burke,* for appellant.
*Gordon Rosenmeier* and *John E. Simonett,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court.

The facts of the case are as follows: On July 5, 1954, plaintiff, Charles Fortier, 54 years of age, a lawyer living in Little Falls,

Minnesota, left his home around ten o'clock in the evening and drove his car downtown to get a bowl of soup. As the restaurant that sold the soup was closed, he walked to the West Side Bar to see the owner thereof about some business. He remained there about ten minutes and ordered a bottle of beer during that time. Previously he had been in the Legion Club and while there ordered one bottle of beer and drank one sip of it, leaving the rest. He had also had two bottles of beer about 4:30 that afternoon.

Plaintiff had parked his car on Broadway Avenue which runs east and west in the Little Falls business district. It is a comparatively wide street upon which traffic may move in two lanes in each direction. His car was parked across the street from the West Side Bar, and as he left the bar he proceeded north across Broadway to enter his car. He crossed the avenue between intersections to reach the point where his car was parked. There were no traffic control signals or marked crosswalks at either intersection in the block where he crossed.

On leaving the sidewalk in front of the West Side Bar he went between two cars parked at the south curb. He stepped out into the street and found himself in the path of a car going east on Broadway Avenue. He jumped back and fell down near the parked cars. When he got up the passing car had gone by. Mr. Fortier was not injured at this time. He then looked and saw cars coming down Broadway proceeding to the west. He walked to the center of the street where a car going west passed by and where another car stopped to allow him to pass. After observing that the passage appeared to be clear, he walked in front of the stopped car toward the north curb. As he walked he paused but did not stop to look toward his right to see if any other cars were coming in the right-hand lane. As he stepped out into the right-hand lane he paused and looked to his right where he saw two headlights approximately at the back end of the stopped car, very close, and bearing down on him. He attempted to escape by leaping high in the air to get on the hood of the approaching car but was unsuccessful and was struck by an automobile driven by LeRoy Newman, the son of the

defendant, who was driving the car with the knowledge and consent of defendant. The car which struck plaintiff was moving west on the most northerly of the two lanes possible for westbound traffic on Broadway, that is, on the lane next to the north curb.

No evidence was presented that plaintiff was intoxicated. To the contrary there was evidence from witnesses who had observed him within a short time before the accident that he was not intoxicated.

Plaintiff was injured in the accident and brought this action against Bert Newman, father of the driver and owner of the car. LeRoy Newman, driver of the car, is in the armed forces and did not testify.

The court submitted the case to the jury and instructed them, among other things, on negligence, contributory negligence, and damages. The jury returned a unanimous verdict for plaintiff in the amount of $5,000.

After the verdict was rendered, defendant moved for judgment notwithstanding the verdict. Plaintiff moved for a new trial on the issue of damages alone or in the alternative for a new trial on all issues. The trial court denied defendant's motion for judgment notwithstanding the verdict and granted plaintiff's motion for a new trial on the issue of damages alone and denied plaintiff's motion for a new trial on all issues.

The court in its order granting plaintiff's motion for a new trial on the grounds of damages alone made the following statement:

"After due consideration, it appearing to the Court that the award of damages was entirely inadequate; that there is nothing of record or otherwise to sustain defendant's contention of compromise, the claim being without merit, and that the verdict in so far as the award of damages is concerned is not justified by the evidence and is contrary to law, it is ordered:"

Later defendant moved for an order vacating the order granting a new trial on the issue of damages alone and also moved for a new trial on all issues. The court issued an order denying these latter motions of defendant. Defendant appeals from the order denying defendant's motion for an order vacating and setting aside

the order of the court granting a new trial on the question of damages and denying defendant's motion for a new trial on all of the issues. The order of the trial court denying defendant's motion to vacate the order for a new trial on the issue of damages is a nonappealable order in that it is essentially the same as an appeal from the order granting plaintiff's motion for a new trial, which would also be a nonappealable order. Roelofs v. Baber, 194 Minn. 166, 259 N. W. 808. Therefore we shall concern ourselves only with the question of whether defendant is entitled to a new trial on all issues.

The defendant lists, among other things, the following assignments of error:

(1) That the court erred in denying defendant's motion for a new trial on all issues made on the ground that the verdict was clearly a compromise between the plaintiff's right of recovery and the amount of damages sustained.

(2) The court erred in denying defendant's motion for a new trial on all issues made on the ground that the verdict was contrary to law because it was a compromise verdict.

(3) The court erred in denying defendant's motion for a new trial on all issues made on the ground that the trial court erred in granting plaintiff's motion for a new trial on the issue of damages only.

(4) The court erred in refusing to consider the affidavits of jurors presented by defendant for support of his motion for a new trial on all issues.

■ We shall first discuss the assignments of error concerning a compromise verdict. There is no doubt that the defendant is entitled to challenge the verdict as a compromise verdict. Siverts v. Dahoot, 150 Minn. 179, 184 N. W. 839. It is the contention of the defendant that the verdict in the instant case was the result of a compromise by the jury between the severity of the injuries suffered by plaintiff and plaintiff's right to recover. In other words, we must distinguish between a verdict which is merely inadequate on the basis of evidence presented by the plaintiff and a verdict reached through a compromise by the jury of the question of liability and the question of damages. Where a fair inference can be drawn that inadequate

damages were awarded as a compromise between right of recovery and the amount of damages sustained, a new trial should be granted on all issues. Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582; Caswell v. Minar Motor Co. 240 Minn. 213, 60 N. W. (2d) 263. However, where a compromise cannot be fairly inferred but the verdict is nevertheless inadequate, the new trial should be limited to damages only. Blacktin v. McCarthy, 231 Minn. 303, 42 N. W. (2d) 818.

The application of these rules to any particular case involves the exercise of judicial discretion, and the decision reached by the trial court should not be upset unless there is an abuse of this discretion. Thiesen v. Hellermann, 242 Minn. 218, 64 N. W. (2d) 762. In the instant case the expenses to the plaintiff for doctors' fees, hospital expenses, nursing and appliances, and drugs amounted to $4,516.63. As the verdict was in the amount of $5,000, the remaining $483.37 was apparently intended by the jury to cover the loss of earning sustained by the plaintiff and other general damages. Plaintiff contended that he was unable to practice law for approximately seven and one-half months and offered evidence to prove loss of earnings to the extent of approximately $4,775. He also testified that he had endured severe pain during the time he was hospitalized with some pain persisting up to the time of the trial. In addition there was testimony by plaintiff's doctors to the effect that his injuries had adversely affected his ability to use his feet and legs and that the pain in his hip was permanent.

We have carefully studied the record on the question of damages sustained by the plaintiff, and, while we agree with the trial court that the damages awarded by the jury were inadequate, we cannot agree with the defendant that it fairly appears from the record that the verdict was reached as a result of a compromise. For instance, the judge in his instructions to the jury clearly pointed out with respect to plaintiff's loss of earnings: "It is an incident or it is evidence, but it is not the measure of damages. You will give it such consideration as you find it entitled to if you come to that question." In the instant case the jury awarded the plaintiff suffi-

cient damages to cover the hospital, doctor, and other medical bills incurred, and we believe that the jury considered that the difference between the amount of these bills and the amount of the verdict rendered was sufficient to recompense the plaintiff for his other damages.

It is also contended by the defendant that the issue of plaintiff's contributory negligence must be considered in determining whether the verdict in the instant case was reached as the result of a compromise. It is defendant's claim that this issue was incorrectly decided and that this suggests that the jury compromised the issue of liability with that of damages.

It should be noted that the facts in this case are not disputed in any material respect. It is defendant's argument, however, that these facts show that plaintiff was contributorily negligent.

After studying the record it is our opinion that it was a fact question for the jury as to whether plaintiff was guilty of contributory negligence; that in returning a verdict the jury determined that plaintiff was not guilty of such negligence; and that defendant's contention of a compromise verdict cannot be sustained on that basis.

It is also our opinion after a thorough consideration of the record that there is no evidence of passion and prejudice entering into the jury's determination on the issue of plaintiff's right to recover and that the verdict rendered was not the result of a compromise. LaCombe v. Minneapolis St. Ry. Co. 236 Minn. 86, 51 N. W. (2d) 839.

■ With respect to defendant's assignment of error to the effect that the trial court erred in granting plaintiff's motion for a new trial on the issue of damages alone, we believe it is enough to say that it is within the discretion of the trial court as to whether such a motion should be granted and that, from a review of the record, we see no abuse of that discretion in the instant case. Lundblad v. Erickson, 180 Minn. 185, 230 N. W. 473.

■ Defendant claims as error the refusal of the trial court to consider certain affidavits of jurors which were presented by the defendant and were alleged to sustain defendant's contention that

the verdict of the jury was the result of a compromise. It is our opinion that these affidavits are presented for the purpose of impeaching the verdict and as such, under the long-established rule in Minnesota, are not admissible. 14 Dunnell, Dig. (3 ed.) § 7109.

Affirmed.