## MARY ANN SEYDEL v. CLIFFORD C. REUBER.

94 N. W. (2d) 265.

January 16, 1959—No. 37,394.

*Grose & Von Holtum,* for appellant.
*Lauerman & Johnson,* for respondent.

NELSON, JUSTICE.

Plaintiff recovered a verdict of $800 in a suit for personal injuries and property damage sustained in a collision occurring on January 26, 1956, on State Highway No. 60, east of the city of Worthington, Minnesota, about one block south of its intersection with U. S. Highway No. 16. Plaintiff was driving her 1954 Pontiac station wagon in a northerly direction. Defendant was simultaneously operating his 1951 International truck in the same direction approaching plaintiff's station wagon from the rear. The record indicates that the defendant negligently operated his vehicle so as to cause a collision between the left rear corner of the box of his truck and the rear end of plaintiff's vehicle, and the jury appears to have so found.

Plaintiff claimed that her car was damaged to the extent that it could not be repaired. There was testimony at the trial to the effect that the reasonable value of plaintiff's car immediately before the collision was $1,650 and that its reasonable value and worth immediately thereafter was $400.

Plaintiff was a resident of Okabena, Minnesota. She was 34 years of age at the time of trial. It is her claim that she suffered severe shock to her nervous system and serious injuries to her neck and body as a result of the collision. She first consulted a physician, Dr. Victor W. Doman of Lakefield, Minnesota, on January 27, 1956, for treatment of her injuries. Dr. Doman's testimony indicates that he diagnosed her injury as a whiplash injury of the neck and proceeded to treat her accordingly. He described a whiplash injury as a forcible propulsion of the head and neck forward and then severely backward, which motion causes a great deal of force to be exerted on the vertebrae of the neck. Dr. Doman diagnosed a compression fracture of the fifth cervical vertebra and thereafter prescribed a neck collar, which plaintiff wore continually until the latter part of May 1956, the purpose of the collar being to hold her neck immobile. The treatments accompanied

by the use of the neck collar not appearing to completely relieve plaintiff's condition, Dr. Doman first referred her to the O'Donoghue Clinic at Sioux City, Iowa, for consultation and later to Dr. Meyer Z. Goldner, an orthopedic physician and surgeon of Minneapolis for further treatment. Plaintiff entered Mt. Sinai Hospital in Minneapolis at Dr. Goldner's suggestion November 24, 1956, and was treated there until December 13, 1956. While there she submitted to cervical halter traction for approximately one week, and later an operation was performed by Dr. Goldner in which the top portion of the angle of the right shoulder blade was removed. Plaintiff's medical testimony, in addition to that of Dr. Doman, her personal physician, consisted of a deposition by Dr. Goldner which was read at the trial and which is in most respects in agreement with the testimony of Dr. Doman.

Plaintiff, testifying in her own behalf, said that she recollected, as one of the results of the sudden and unexpected occurrence of the collision, something like an audible crack in her neck. Both doctors expressed it as their opinion that the injuries which plaintiff had received and from which she was suffering were due to a whiplash involving her head and neck which she had undergone as a result of the collision. They were in agreement with plaintiff's testimony that she had suffered considerable pain as the result of her injuries during the period between the accident and the trial and that she had also suffered from intermittent headaches. It is only reasonable to assume from plaintiff's own testimony regarding her intermittent headaches and the fact that she had gone to see her family doctor on some 40 to 45 separate occasions during the interval between the accident and the trial that she endured considerable pain and suffering. There is no evidence in the record that subjective disability may not be productive of pain and suffering in the same manner and to the same extent as objective disability. There is no evidence here that plaintiff was malingering. No medical testimony was introduced on the part of the defense. Testimony at the trial indicates that plaintiff was expected to return to work with reasonable medical certainty within 6 months to a year and that plaintiff would be in need of medical attention and services during the period of from 6 months to a year.

Plaintiff had been and was at the time of the accident in the employ

of Elvester Pontiac and Cadillac Company in Worthington as general officeworker and bookkeeper, receiving $50 per week, her weekly take-home pay being $43.40. Plaintiff continued her employment, with certain off-duty periods, until she entered Mt. Sinai Hospital. Thereafter she was unable to work at her former employment up to the time of trial, which amounted to approximately 26 weeks.

The record indicates that plaintiff had incurred medical and hospital expenses in the amount of $1,812.65, which amount was recovered in a separate suit by her husband not involved in this appeal.

Plaintiff, after a jury verdict in her favor, moved the court below for a new trial on the issue of damages alone or in the alternative for a new trial. Her motion was on the grounds that the verdict was inadequate, appearing to have been given under the influence of passion and prejudice; that it was not justified by the evidence and was contrary to law. The court ordered that the motion for a new trial should be granted on the question of damages alone, unless within 30 days from the filing of its order the defendant filed his written consent to an increase of the verdict from $800 to $2,000. The order further provided that, should defendant file such consent, then the motion for a new trial would be denied. Defendant having filed the consent, plaintiff appealed assigning as error that the additur was insufficient.

The increase by additur was made on the grounds that the verdict was entirely inadequate. In that respect the trial court followed a recently adopted rule announced by this court that additur—the practice of the court to condition a denial of a new trial on the defendant's consent to an increase in the verdict—is within the constitutional power of the court. Genzel v. Halvorson, 248 Minn. 527, 80 N. W. (2d) 854. However, unless the use of additur increases the verdict, if entirely inadequate, to the extent that it reasonably comports with the proof in the record, a better result would be reached by granting a new trial.

Plaintiff's car damage of approximately $1,250 was reasonably supported by the evidence and was not contradicted by any evidence offered in opposition thereto. It is clear that she lost wages and that her claim for such loss up to the time of trial totaled approximately $1,128.40. This claim also finds reasonable support in the evidence and is not contradicted by evidence introduced on the part of the

defense. Her total claim for car damage and wage loss is in the sum of $2,378.40. Clearly a verdict in the sum of $800, when applied against this amount, is entirely inadequate on the record before us. It is not to be overlooked that plaintiff's husband, in his suit to recover for his wife's medical and hospital expenses, recovered in full the sum of $1,812.65. In the face of that award and the evidence which the record discloses, it is futile to argue that the plaintiff was not entitled to an award for general damages for her injuries in some substantial measure, apart from her special damages reasonably supported by uncontradicted testimony.

The paramount issue therefore in the instant case is whether the amount of total damages awarded plaintiff by the verdict of the jury is entirely inadequate as being the result of the influence of passion or prejudice within the meaning of M. S. A. 547.01(5) and Rule 59.01(5) of Rules of Civil Procedure, thereby entitling plaintiff to a new trial on the issue of damages alone, or, in the alternative, a new trial on all issues. The next important issue is whether the additur ordered by the trial court sufficiently increased the verdict to correct the entire inadequacy of the verdict reached by the jury below.

In Olson v. Christiansen, 230 Minn. 198, 41 N. W. (2d) 248, the undisputed evidence showed that plaintiff suffered personal injuries; that his medical bill was $130; that the damage to his car was $45.42; and that his wage loss was $876. The trial court in that case increased the jury award of $500 by additur to $1,000. On appeal, this court nevertheless held that the award was inadequate. In that case the three items of special damages—loss of earnings plus special damages for medical expenses and damage to the car—amounted to a total of $1,051.42. Comparing this amount with the award of damages by the jury in that case, although increased to $1,000 by additur, this court observed that the award did not even pay plaintiff for what he was out of pocket for special damages and for his minimum loss of earnings, and as a result apparently not even nominal damages were awarded by way of general damages for plaintiff's pain, suffering, and prolonged partial disability. The court further said that either the plaintiff was entitled to recover his actual special damages and something additional for general damages, or he was not entitled to recover anything at all;

that where the general damages are substantial, an award of nothing therefor, or a mere nominal award, will not do; that although the grant or refusal of a new trial for inadequate damages rests largely with the trial court, whose decision thereon is subject to the general rule applicable to other discretionary orders for purposes of review, a new trial will be ordered by the appellate court where, upon the record, the damages awarded appear entirely inadequate.

■ We think that where, as in the instant case, plaintiff's special damages are reasonably supported by the record, and no evidence has been offered in contradiction thereof, an additur increasing the verdict will not cure the deficiency if the amount of the recovery, in spite of the additur, still remains less than the amount of the special damages proved. It is still subject to the classification of an award that is entirely inadequate, for the reason that it does not even approach what may be termed a nominal award for general damages and we have said that a mere nominal award will not suffice if substantial general damages are proved.

Plaintiff contends that since there was clear evidence of defendant's negligence and no appeal has been taken therefrom a new trial should be granted on the issue of damages alone, relying upon Blacktin v. McCarthy, 231 Minn. 303, 42 N. W. (2d) 818. Hill v. Ross, 198 Minn. 199, 269 N. W. 396, furnishes support of this proposition. The Blacktin case is authority for the rule that where there does not appear to have been a compromise between the right of recovery and the amount of damages, there is no right to a new trial on all issues and that therefore, if the verdict is nevertheless entirely inadequate, a new trial should be ordered on the issue of damages alone. It is of course equally well established by the decisions of this court that, where the injuries and damages incurred, both general and special, were a direct result of the accident, and the size of the verdicts appears inadequate and indicates that they were the result of a compromise between the right of recovery and the amount of damages, then, if a new trial is ordered, it must be on all issues. The trial court, however, has said in its memorandum in the instant case that "The record does not show, nor can the Court reasonably infer that the verdict was the result of compromise." See, Caswell v. Minar Motor Co. 240 Minn. 213, 60

N. W. (2d) 263; Olson v. Christiansen, *supra;* Krueger v. Henschke, 210 Minn. 307, 298 N. W. 44; Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582; Shearer v. Puent, 166 Minn. 425, 208 N. W. 182; Stenshoel v. G. N. Ry. Co. 142 Minn. 14, 170 N. W. 695.

We have fully taken into account, while considering the record in this case, that the granting or refusal of a new trial upon the ground of inadequacy of damages appearing to have been given under the influence of passion or prejudice is largely within the discretion of the trial court and that the ruling of the trial court will not be disturbed on appeal unless there was a clear abuse of discretion. See, Bartl v. City of New Ulm, 245 Minn. 148, 72 N. W. (2d) 303; Berg v. Ullevig, 244 Minn. 390, 70 N. W. (2d) 133; Maas v. Midway Chevrolet Co. 219 Minn. 461, 18 N. W. (2d) 233, 158 A. L. R. 215; Litman v. Walso, 211 Minn. 398, 1 N. W. (2d) 391; Krueger v. Henschke, *supra;* Flaugh v. Egan Chevrolet, Inc. *supra;* Wright v. Engelbert, 193 Minn. 509, 259 N. W. 75; Leipert v. Honold, 39 Cal. (2d) 462, 247 P. (2d) 324, 29 A. L. R. (2d) 1185.[1]

The entire inadequacy of the award is such that we feel a new trial should be granted. It is our view that the inadequacy of damage shows failure on the part of the jury to give the case impartial and conscientious consideration, and more especially is this evident where it is clear that the jury failed to question the husband's claim for the full amount of the medical and hospital expenses incurred in plaintiff's behalf. Under the circumstances, we feel that no logical purpose will be served in sending the case back for trial on all the issues and that it should be

---

[1]Other cases where this court has approved or granted new trials on the grounds of inadequate verdicts are: Fortier v. Newman, 248 Minn. 69, 78 N. W. (2d) 382; Greenberg v. Holfeltz, 244 Minn. 175, 69 N. W. (2d) 369; Hurr v. Johnston, 242 Minn. 329, 65 N. W. (2d) 193; Thiesen v. Hellermann, 242 Minn. 218, 64 N. W. (2d) 762; Stacy v. Goff, 241 Minn. 301, 62 N. W. (2d) 920; Caswell v. Minar Motor Co. 240 Minn. 213, 60 N. W. (2d) 263; Willett v. Seerup, 151 Minn. 105, 186 N. W. 225; Siverts v. Dahoot, 150 Minn. 179, 184 N. W. 839; Alden v. Sacramento S. Fruit Lands Co. 137 Minn. 161, 163 N. W. 133; 14 Dunnell, Dig. (3 ed.) § 7141, and collected cases; 5 Dunnell, Dig. (3 ed.) § 2598, and collected cases.

remanded for a new trial on the issue of damages only.[2]

The order of the trial court is therefore reversed and a new trial granted on the issue of damages only.

Reversed and new trial granted on issue of damages only.

---

[2]See, Olson v. Christiansen, 230 Minn. 198, 41 N. W. (2d) 248; Krueger v. Henschke, 210 Minn. 307, 298 N. W. 44; Ulrich v. Kessler, 204 Minn. 74, 282 N. W. 801; Hill v. Ross, 198 Minn. 199, 269 N. W. 396.