**STATE OF MINNESOTA
IN COURT OF APPEALS
A24-0106**

Lee Michael Scheurer,
Appellant,

vs.

Douglas Shrewsbury as Special Administrator
for the Estate of Ann Maland, Deceased,
Respondent.

**Filed August 19, 2024
Affirmed in part, reversed in part, and remanded
Harris, Judge**

Blue Earth County District Court
File No. 07-CV-20-4199

Courtney A. Lawrence, Matthew J. Barber, Schwebel, Goetz & Sieben, P.A., Minneapolis, Minnesota (for appellant)

Kay Nord Hunt, Michelle K. Kuhl, Lommen Abdo, P.A., Minneapolis, Minnesota; and

Steven P. Pope, David M. Werwie & Associates, St. Paul, Minnesota (for respondent)

Taylor Brandt Cunningham, Conlin Law Firm, LLC, Minneapolis, Minnesota (for amicus curiae Minnesota Association for Justice)

Considered and decided by Harris, Presiding Judge; Worke, Judge; and Schmidt, Judge.

**SYLLABUS**

1.     Under Minnesota Statutes section 549.09 (2022), a district court must calculate preverdict interest on jury verdicts for past medical expenses and past wage loss before reducing the jury award by collateral-source payments.

2.    Under Minnesota Statutes section 549.09, subdivision 1(b), if an offer of settlement is made and it is closer to the judgment than the opposing party's offer, preverdict interest shall accrue from the time of the written notice of claim to the time of the jury award only if the plaintiff commenced the action within two years of the written notice of claim.

## OPINION

**HARRIS**, Judge

On appeal from an award of preverdict interest following a jury verdict, appellant argues that the district court erred in its calculation of preverdict interest under Minnesota Statutes section 549.09 by (1) reducing the jury verdict by collateral-source payments before calculating preverdict interest and (2) concluding that preverdict interest accrues from the time of the notice of claim only if the action is commenced within two years, regardless of whether there was a settlement offer.  We affirm the district court's determination that preverdict interest accrues under Minnesota Statutes section 549.09 subdivision 1(b), from the time of the notice of claim only if the action is commenced within two years, regardless of whether there was a settlement offer; reverse the district court's order awarding preverdict interest; and remand to the district court for recalculation of preverdict interest consistent with this opinion.

## FACTS

This appeal arises from a district court judgment following a jury verdict in favor of appellant Lee Michael Scheurer.  The jury awarded Scheurer $292,340.03 in compensatory damages resulting from a car accident.  After applying collateral-source reductions,

2

calculating preverdict and postverdict-prejudgment interest, and granting Scheurer costs and disbursements, the district court issued judgment for $267,051.03. Scheurer argues the district court erred in its calculation of preverdict interest.

On January 28, 2017, Scheurer was injured in a car accident caused by Ann Maland.[1] In September 2017, Scheurer sent a written notice of claim to Maland's insurer. In July 2020, Scheurer offered to settle the claim. The parties did not reach a settlement and in November 2020, Scheurer sued Maland to recover damages caused by the accident. In July 2022, Maland passed away, and the district court appointed a special administrator, respondent Douglas Shrewsbury, to represent Maland's estate in the lawsuit.

The matter proceeded to a jury trial on damages. The jury awarded Scheurer $165,983.69 for past medical expenses; $51,356.34 for past wage loss; and $75,000 for past pain, disability, and emotional distress. The jury awarded $0 in future medical expenses and future pain, disability, and emotional distress.

Following the jury verdict, Scheurer moved for costs, preverdict interest, and postverdict-prejudgment interest. Scheurer argued that preverdict interest accrued from the date of the notice of claim through the date the jury returned its verdict. Scheurer argued that the district court should calculate preverdict interest before reducing the verdict by collateral sources. Shrewsbury moved for collateral-source reductions and argued that preverdict interest should be calculated on the net verdict from the date the action commenced.

---

[1] The parties agree that Maland's negligence caused the accident.

The district court reduced the jury verdict for past medical expenses to $88,274.93 and reduced the jury verdict for past wage loss to $31,356.34. The district court granted $53,320 in preverdict interest, $7,121 in postverdict-prejudgment interest, and $11,978.76 in costs and disbursements. The district court determined that the preverdict interest began to accrue on the date the action commenced because Scheurer did not commence the action within two years of serving the notice of claim. The district court also determined that section 549.09, subdivision 1(b), requires preverdict interest to be calculated on the amount of the judgment entered, which occurs after collateral sources are applied to the jury award. Scheurer appeals.

## ISSUES

I.      Did the district court err by reducing the jury award by collateral sources before calculating preverdict interest under Minnesota Statutes section 549.09?

II.     Did the district court err by interpreting Minnesota Statutes section 549.09, subdivision 1(b), to mean that preverdict interest begins to accrue from the time of the notice of claim only if the action is commenced within two years of the written notice of claim?

## ANALYSIS

On appeal, Scheurer challenges the district court's calculation of preverdict interest, arguing that the district court should have calculated preverdict interest before applying collateral-source reductions and that preverdict interest should have accrued from the date of the notice of claim through the date the jury returned its verdict, not from the date the action commenced. We review preverdict-interest awards and the district court's

4

interpretation of the governing statute de novo. *Blehr v. Anderson*, 955 N.W.2d 613, 618 (Minn. App. 2021).

**I.    The district court erred by reducing the jury verdict by applying collateral source payments before calculating preverdict interest under Minnesota Statutes section 549.09.**

Minnesota Statutes section 548.251, subdivision 2 (2022) (collateral source statute) provides that:

> In a civil action . . . when liability is admitted or is determined by the trier of fact, and when damages include an award to compensate the plaintiff for losses available to the date of the verdict by collateral source, a party may file a motion . . . requesting determination of collateral sources.

The collateral source statute, "sets forth a procedure in which a party in a civil action may request the court to determine and deduct collateral sources from the jury verdict." *Do v. American Fam. Mut. Ins. Co.*, 779 N.W.2d 853, 858 (Minn. 2010). Collateral sources are "payments related to the injury or disability in question made to the plaintiff, or on the plaintiff's behalf up to the date of the verdict," including payments pursuant to "health, accident, and sickness." Minn. Stat. § 548.251, subd. 1(2) (2022). Collateral sources are not included in the final judgment because the purpose of the statute is to prevent double recovery. *Do*, 779 N.W.2d at 858. However, "[a]t common law, the collateral-source benefits received by plaintiffs had no impact on the responsibility of tortfeasors to pay damages." *Getz v. Peace*, 934 N.W.2d 347, 352 (Minn. 2019).

We first address when collateral-source payments must be deducted from the jury verdict. The pertinent subdivision reads in part, "Except as otherwise provided by contract or allowed by law, preverdict . . . interest on pecuniary damages shall be computed . . .

from the time of the commencement of the action . . . or the time of a written notice of claim, whichever occurs first." Minn. Stat. § 549.09, subd. 1(b). "[I]nterest on the judgment or award shall be calculated by the judge." *Id.* The phrase "except,[] as otherwise . . . allowed by law", requires that preverdict interest be calculated under existing common law principles whenever possible. *Hogenson v. Hogenson*, 852 N.W.2d 266, 273-74 (Minn. App. 2014).

Minnesota Statutes section 549.09 provides for preverdict, postverdict-prejudgment, and postjudgment interest. *See Hogenson*, 852 N.W.2d at 276 (holding that plaintiff was entitled to postverdict-prejudgment interest on sum of jury verdict plus preverdict interest, rather than merely on sum of jury verdict, as award of preverdict interest was part of compensatory damages). At issue in this case is preverdict interest. Preverdict interest is "not conventional interest on a sum of money[,] [r]ather, it is an element of damages awarded to provide full compensation by converting time-of-demand (either by written settlement offer or commencement of action) damages into time-of-verdict damages." *Lienhard v. State*, 431 N.W.2d 861, 865 (Minn. 1988). Preverdict interest "attaches to the verdict as an additional compensatory sum." *Id.* In contrast, "postverdict and postjudgment interest is compensation for the loss of the use of money as a result of the nonpayment of a liquidated sum, for which liability has already been determined, not compensation for the injury giving rise to liability." *Id.*; *see also* Minn. Stat. § 549.09, subd.1(a) ("When a judgment or award is for the recovery of money . . . interest from the time of the verdict, award, or report until judgment is finally entered shall

6

be computed by the court administrator or arbitrator . . . and added to the judgment or award.").

Respondent relies on *Jewett v. Deutsch*, 437 N.W.2d 717 (Minn. App. 1989) and *Casey v. State Farm Mut. Auto. Ins. Co.*, 464 N.W.2d 736 (Minn. App. 1991), *rev. denied* (Minn. Apr. 5, 1991), for the proposition that the jury verdict must be reduced by collateral sources before calculating preverdict interest. However, these cases are distinguishable because they do not discuss preverdict interest.

The center of this dispute rests in the interpretation of the phrase "interest on the judgment or award." Respondent argues that, because section 549.09 uses the phrase "interest on the judgment or award" instead of "interest on the verdict," collateral-source payments must be applied to the jury verdict before preverdict interest is calculated. We are not persuaded.

The goal of all statutory interpretation "is to ascertain and effectuate the intention of the legislature," and "[e]very law shall be construed, if possible, to give effect to all its provisions." Minn. Stat. § 645.16 (2022). When engaging in statutory interpretation, we first "determine whether the statute's language, on its face, is ambiguous." *State v. Thonesavanah*, 904 N.W.2d 432, 435 (Minn. 2017). A statute is ambiguous only if it is subject to more than one reasonable interpretation. *Id.* (quotation omitted). In interpreting statutory language, this court gives words and phrases their plain and ordinary meaning. *Rodriguez v. State Farm Mut. Auto. Ins. Co.*, 931 N.W.2d 632, 634 (Minn. 2019) (quoting Minn. Stat. § 645.08(1) (2022)) (words and phrases should be construed "according to rules of grammar and according to their common and approved usage"). If an appellate court

concludes a statute is unambiguous, then the court enforces the language of the statute and does not explore the spirit or purpose of the law. *Christianson v. Henke*, 831 N.W.2d 532, 536-37 (Minn. 2013) (quotation omitted).

The plain meaning of "award" is not limited to arbitration awards. "Award" as used in the preverdict interest statute can also refer to the jury's decision assessing damages. *See Black's Law Dictionary* 169 (11th ed. 2019) (defining award).

We are also unpersuaded by respondent's argument that, because collateral sources are never included in the judgment, the legislature did not need to expressly exclude collateral sources from the preverdict interest statute.

Neither the language of section 549.09, nor the collateral source statute, Minn. Stat. § 548.251 (2022), directly address the relationship between preverdict interest and collateral sources.[2] *Cf.* Minn. Stat. § 548.251, subd. 3(c) (requiring district court to reduce jury awards by collateral sources before a claimant's damages are reduced under

---

[2] Collateral sources are, "payments related to the injury or disability in question made by the plaintiff, or on the plaintiff's behalf up to the date of verdict." Minn. Stat. § 548.251, subd. 1. Collateral sources include payments made to benefit the plaintiff, such as by worker's compensation and insurance. *Id.* The collateral source statute does not expressly define preverdict interest as a collateral source. "In a civil action . . . when liability is admitted or is determined by the trier of fact, and when damages include an award to compensate the plaintiff for losses available to the date of the verdict by collateral source, a party may file a motion . . . requesting determination of collateral sources. *Id.*, subd. 2. Then the court shall determine the amounts of collateral sources and "reduce the award by the amounts determined." *Id.*, subds. 2, 3. The collateral source statute does not instruct whether the district court should reduce collateral source payments from the jury verdict before or after applying preverdict interest to the jury verdict. Similarly, the preverdict interest statute does not expressly exclude collateral sources from awards of preverdict interest.

comparative fault statute, Minn. Stat. § 604.01, subd. 1 (2022)). Section 549.09, subdivision 1(b), states:

> Except as otherwise provided by contract or allowed by law, preverdict . . . interest shall not be awarded on the following:
>
> (1) judgments, awards, or benefits in workers' compensation cases, but not including third-party actions;
>
> (2) judgments or awards for future damages;
>
> (3) punitive damages, fines, or other damages that are noncompensatory in nature;
>
> (4) judgments or awards not in excess of the amount specified in section 491A.01; and
>
> (5) that portion of any verdict, award, or report which is founded upon interest, or costs, disbursements, attorney fees, or other similar items added by the court or arbitrator.

The supreme court previously interpreted section 549.09, subdivision 1(b), and held that it "unambiguously provides for preaward interest on all awards of pecuniary damages that are not specifically excluded by the statute." *Poehler v. Cincinnati Ins. Co.*, 899 N.W.2d 135, 141 (Minn. 2017). The supreme court's prior interpretation of a statute "guides us in reviewing subsequent disputes over the meaning of the statute." *Hagen v. Steven Scott Mgmt., Inc.*, 963 N.W.2d 164, 174 (Minn. 2021) (quotation omitted). That interpretation "becomes part of the statute as though written therein." *Id.* "[P]reverdict interest is part of compensatory damages, [and] it is part of a prevailing party's judgment or award." *Hogenson*, 852 N.W.2d at 276. Collateral sources are not specifically excluded from preverdict interest by section 549.09, subdivision 1(b).

Because preverdict interest exists to fully compensate plaintiffs, and section 549.09 does not expressly exclude preverdict interest before any offsets from collateral-source payments, we hold that preverdict interest must be calculated before reducing the jury verdict by collateral sources. Calculating preverdict interest before reducing the jury verdict by collateral-source payments would not fully compensate the plaintiff because the collateral source statute functions to reduce the verdict. *Cf. Blehr*, 955 N.W.2d at 624 ("Because additur increases the *verdict*, preverdict interest on additur damages was appropriate.[3]"); *see also Imlay v. City of Lake Crystal*, 453 N.W.2d 326, 335 (Minn. 1990) ("A plaintiff's award can be reduced as required by the collateral source statute, and yet this reduction should not be used to benefit a single liquid defendant until it is shown the plaintiff would be receiving a double recovery."). Accordingly, the district court erred by reducing the jury verdict by applying collateral sources before calculating preverdict interest under Minnesota Statutes section 549.09.

**II.     The district court did not err by determining that, for preverdict interest to begin accruing from the time of a notice of claim, the action must have been commenced within two years of that notice.**

Scheurer next argues that the district court erred in its interpretation of the offer-counteroffer provision of section 549.09, subdivision 1(b). The district court determined that the requirement that an action be commenced within two years of a written notice of

---

[3] Additur is, "the practice of the [distict] court to condition a denial of a new trial on the defendant's consent to an increase in the verdict." *Blehr*, 955 N.W.2d at 624 (quoting *Seydel v. Reuber*, 94 N.W.2d 265, 268 (Minn. 1959)).

claim applies throughout the entirety of section 549.09, subdivision 1(b). Scheurer argues that the two-year requirement is excluded from the offer-counteroffer provision.

Section 549.09, subdivision 1(b), "provides, as a general rule, that the prevailing party is entitled to preverdict interest computed from the time of commencement of the action." *Quade & Sons Refrigeration, Inc. v. Minn. Min. & Mfg. Co.*, 510 N.W.2d 256, 258 (Minn. App. 1994), *rev. denied* (Minn. Mar. 15, 1994). "This general provision represents a legislative attempt to ensure full compensation to the prevailing party by providing interest from the beginning of the action." *Id.*

> Except as otherwise provided by contract or allowed by law, preverdict . . . interest on pecuniary damages shall be computed . . . from the time of the commencement of the action . . . or the time of a written notice of claim, whichever occurs first, except as provided herein. The action must be commenced within two years of a written notice of claim for interest to begin to accrue from the time of the notice of claim.

Minn. Stat. § 549.09, subd. 1(b).

The statute continues with another exception, "commonly referred to as the 'offer-counteroffer provision,'" which states:

> If either party serves a written offer of settlement, the other party may serve a written acceptance or a written counteroffer within 30 days. After that time, interest on the judgment or award shall be calculated by the judge or arbitrator in the following manner. The prevailing party shall receive interest on any judgment or award from the time of commencement of the action or a demand for arbitration, or the time of a written notice of claim, or as to special damages from the time when special damages were incurred, if later, until the time of verdict . . . only if the amount of its offer is closer to the judgment or award than the amount of the opposing party's offer.

*Id.*

11

"When interpreting statutes, the whole-statute canon provides that language in dispute is not examined in isolation; rather, all provisions in the statute must be read and interpreted as a whole." *Hagen*, 963 N.W.2d at 170 (quotation omitted). "We interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.* (quotation omitted). Reading the statute as a whole and construing its language so as to harmonize all of its provisions, the two-year commencement requirement directly follows the phrase "except as provided herein," which indicates that the two-year requirement is an exception to the general rule that "interest on pecuniary damages shall be computed . . . from the time of the commencement of the action . . . or the time of a written notice of claim, whichever occurs first." Minn. Stat. § 549.09, subd. 1(b). The two-year commencement requirement cannot be read independent of the offer-counteroffer provision.

Thus, the plain language of the statute requires that, when an offer of settlement is made, the district court must consider whether the action was commenced within two years of written notice of claim to determine whether the interest accrues from the notice of claim or commencement of the action. Accordingly, we hold that, for preverdict interest to begin accruing from the time of a notice of claim, the action must have commenced within two years of that notice. Because Scheurer did not commence the action within two years of serving the notice of claim, we conclude that the district court did not err by determining that preverdict interest began to accrue on the date the action commenced.

12

**DECISION**

We affirm the district court's determination that preverdict interest accrues under Minnesota Statutes section 549.09, subdivision 1(b), from the time of the notice of claim only if the action is commenced within two years, regardless of whether there was a settlement offer. We reverse the portion of the district court's order awarding preverdict interest because preverdict interest is an element of compensatory damages, and the district court erred by subtracting collateral sources from the jury award before calculating preverdict interest. We remand to the district court for recalculation of interest consistent with this opinion.

**Affirmed in part, reversed in part, and remanded**.