EMMA G. LADD *vs.* GEORGE R. NEWELL and others.

August 10, 1885.

**Married Women—Husband as Agent.**—A married woman is entitled to the rents, increase, and product of her property, real or personal, and may manage the same through the agency of her husband.

**Same—Fraudulent Intent.**—It is, however, a proper subject of judicial inquiry by the proper tribunal whether or not such agency is fraudulent and intended to cover the substantial ownership of the husband in the product resulting from his services, skill, and management.

**Sheriff—Threshing Grain Levied Upon—Trespasser *ab Initio*.**—Where a sheriff, before sale upon execution, caused grain, which he had previously levied on in the stack or shock, to be threshed and placed in an elevator, *held* not to be such an abuse of his discretion in the care and management of the property as to make him a trespasser *ab initio*. The officer may be liable to an aggrieved party for damages arising from irregularities in such cases; but, in order to render him a trespasser *ab initio*, there must appear to have been a substantial violation of the rights of a party in interest, involving a gross or wanton disregard of official duty.

**New Trial—Modification of Verdict.**—Where an action is for the recovery of different articles of personal property, the issues in respect to which are severable, or the several items of damages claimed are distinct and separate, and a general verdict is rendered for the defendant, which is supported by the evidence, except as to particular items the amount or value of which clearly appears upon the record, the court may, in the exercise of a sound discretion, deny a motion for a new trial based on

the ground that the verdict is against evidence, upon the condition that the defendant stipulates to allow a recovery for the property or damages to which plaintiff appears to be entitled.

Appeal by plaintiff from two orders of the district court for Renville county, *Webber*, J., presiding, the first granting plaintiff's motion for a new trial unless the defendants should stipulate that judgment might be entered for plaintiff for $18.80, the value of certain bags, and the second denying the motion for a new trial, the defendants having made the stipulation.

*C. H. Benton*, for appellant.

*Hart & Brewer*, for respondents.

VANDERBURGH, J.   This action was brought by the plaintiff for the recovery of a quantity of wheat alleged to have been wrongfully taken from her possession by defendants.   The defendants Geo. R. Newell & Co. are judgment creditors of Jos. W. Ladd, who is the husband of plaintiff, and the wheat was levied on and taken by the sheriff under an execution upon a judgment in their favor against him.   The jury found for the defendants upon the issue raised as to the ownership of the property, which necessarily involved a finding that the plaintiff's claim of title was merely a cover or protection used by J. W. Ladd to enable him to hold and dispose of the same in fraud of his creditors.

1. The principal question to be considered here is whether it was error for the trial court to refuse to set aside the verdict on the ground that it was not justified by the evidence.   We see no good reason for a reversal on this ground.   A case of alleged fraud, depending largely upon circumstantial evidence, and involving many facts and details, and also the examination and testimony of the parties themselves in the presence of the court and jury, is one peculiarly for the judgment of the trial court.

The wheat is claimed to have been grown on land owned or held under lease by the plaintiff, and it is therefore insisted that the product of the land, following the title, was hers, and it was immaterial that it was secured through the services and agency of her husband. No question can be raised under our laws as to the legal right of a married woman to the increase and product of her own estate, real

or personal. *Williams* v. *McGrade*, 13 Minn. 39, (46;) *Hossfeldt* v. *Dill*, 28 Minn. 469. But where the husband is largely indebted, and admitted to have been insolvent, as was the case here, family arrangements, which may seem to enable the debtor to cloak his property and continue his business under the name of a relative who may have no actual interest as principal or proprietor in the management of the property or its proceeds, are naturally looked upon with suspicion; and whether, in any given case, the transaction is really an honest one, or a colorable device to cheat creditors, is a question of fact which must ordinarily be for the jury. *Knapp* v. *Smith*, 27 N. Y. 277.

The groundwork of defendants' case is the alleged fraudulent conduct of the insolvent as respects the disposition and management of his property. In the month of March of the same year in which this crop was raised, he made an assignment of his property to his wife's brother. The evidence tends to show that, shortly previous to the assignment, he had turned over a large amount of securities to the plaintiff; that he was left by the assignee in the control and possession of the property as his agent; that the leased land, on which a large part of the wheat was raised, was part of the assigned property; that the money raised to buy seed-wheat, though nominally in her name, was procured of the assignee and received and handled by her husband; that the teams, men, and implements for putting in and harvesting the crop were furnished principally by him; and that he is not able to render any separate account of her expenditures in that behalf. These and other circumstances were properly suffered to go to the jury. A wide range must necessarily be allowed in this class of cases, and we do not think the court permitted the investigation to be extended beyond reasonable limits. The question of *bona fides* of the plaintiff's claim was naturally connected with the circumstances of the assignment and the relationship and conduct of the parties in the management of the property. It was not error, therefore, to allow evidence of these matters, and it must also be borne in mind that the plaintiff was chargeable with notice of the indebtedness of her husband. Gen. St. 1878, *c.* 69, § 4.

2. The witness J. W. Ladd having given testimony in chief, tend-

ing to prove that the crop was plaintiff's and not his, it was competent, on his cross-examination, to show conduct and statements of his own, inconsistent with his evidence on the stand, and, upon his denying it, to contradict him by way of impeachment. It was also proper, upon his denying that he had any interest in the farm or its products, to show, as a part of his cross-examination, that he had admitted or stated under oath, by his complaint in writing before a magistrate, admitted by him on the stand to be genuine, that he had such interest.

3. Evidence that some of the lands embraced in the schedule of the assigned property was there stated by the assignor, Ladd, to be of great value, but which sold only for a nominal sum, though in itself of but little importance, was not improper, considered as a part of the transactions with which he was connected in the disposition of his property while insolvent, and in connection with his subsequent management of the assigned property.

4. The issue in respect to the ownership of the bags is, upon the record, entirely severable from that respecting the grain. The verdict of the jury is, as we have seen, supported as respects the latter, while, as to the former,—an item of inconsiderable amount,—the record shows that the bags were borrowed of third parties; and the court below, upon stipulation of the defendants, made a part of the record, has ordered judgment for the plaintiff for the value thereof. In this we see no substantial error. It is the same in principle as an order directing an excess to be remitted from a verdict. In like cases, where the record shows an error of this kind affecting a single item only, and severable from other claims litigated, this court may modify a judgment without the necessity of a new trial. There is no reason, therefore, why we should reverse the trial court for reaching the same practical result through its conditional order and the stipulation of the defendants.

5. The crop when levied on was in the stack or shock, and the sheriff, before sale, threshed the grain and handled it through an elevator. This was not, we think, as matter of law, such misapplication or abuse of his authority under the process as to render him a trespasser *ab initio*. In reference to the care and management of

personal property levied on, much must be left to the judgment of the officer. There are also many irregularities for which the officer would be liable in damages to an aggrieved party, which would not render him a trespasser from the beginning by relation. Freeman on Executions, § 302. But, as we understand the rule, he will not, by reason of his disposition or management of personal property before sale, become a trespasser from the beginning unless there has been a substantial violation of the legal rights of the party, and of such a character as to show a gross or wanton disregard of duty on his part. *Paul* v. *Slason,* 22 Vt. 231; *Barrett* v. *White,* 3 N. H. 610; S. C. 14 Am. Dec. 352, 365, notes. If the officer has created unnecessary expense, or any party has been damaged by his proceedings in handling the property, the law will afford the appropriate remedy. In the exercise of his authority he undoubtedly should proceed cautiously and prudently, for he is liable to be called to account. But here there is no suggestion of prejudice; no objection appears to have been made, and there is the usual presumption in favor of the officer, that he has discharged his duty, until the contrary appears.

6. It was not error to refuse plaintiff's request to charge "that she (plaintiff) had a right to farm this land; and if she did, she owned the crop on it." The court had fully and correctly stated the law on the subject in its general charge, and had fairly left it to the jury to determine the question of the *bona fides* of the plaintiff as respects the nature and management of the business.

Orders affirmed.