*474 OPINION.
Lansdon:
The sole question here is whether the partnership which the respondent concedes operated the laundry business here in question after May 31, 1921, was engaged in such business on its own account from J anuary 2, 1920, to May 31, 1921. The petitioner is a close corporation. One of the members of the partnership is the owner of 34 shares of the corporation stock and is the wife of the general manager of the business, who owns no-stock; the other owns none of the stock of the corporation but is the wife of a stockholder who owns 35 shares. All of the alleged transactions may have been actual and legal, but they are in the nature of contracts or deals *475 between closely related parties and as they involve the rights of a third party, the taxing power of the Federal Government, they should be subject to the closest scrutiny. P. B. Fouke, 2 B. T. A. 219.
There is no question that the Mesdames Greenberg and Steinman might engage in any lawful business independent of their husbands or that if they did so the proceeds thereof were their own income in the proportion provided for by the partnership agreement, and of course taxable to them. In Ladd v. Newell, 34 Minn. 107; 24 N. W. 366, the Supreme Court of Minnesota said:
No question can be raised under our laws as to the legal rights of a married woman to the increase and product of her own estate, real and personal. * * * A married woman is entitled to the rents, increase, and product of her property, real or personal, and may manage the same through the agency of her husband.
It is clear that the two members of the partnership undertook nothing that is barred by law. They entered into a partnership agreement and if the partnership was legally formed and took over the petitioner’s business and property as of January 2, 1920, and operated the same as its own during the taxable year and period here involved, the income from such operations is its own and the distributable shares thereof are taxable to its members. The respondent contends that as there was no bill of sale made by the petitioner to the partnership until May 31, 1921, and no certificate of ownership filed by the partners until that date, the partnership was not effective until such date.
In the course of the hearing in his cross-examination of the witness called by the petitioner, counsel for the respondent indicated that he relied to some extent on the manner in which the accounts of the corporation and the partnership were kept in the taxable year and period. The evidence discloses that Herman Greenberg was the manager and bookkeeper of the laundry, both prior to and throughout the term here involved and that the accounts of the business from January 2, 1920, to some time early in 1921 were kept in the books of the corporation and that there was no segregation thereof in 1920 except that at the close of such year the profit earned by operations was credited to an account that had been opened with the partnership. It is well established that bookkeeping in and of itself is not determinative of tax liability.
In this proceeding each party relies on our decision in Rice-Sturtevant Automobile Co., 6 B. T. A. 793, in which we said:
No books of account of tbe partnership or of the corporation were produced, no part of the record of the bank in which it is claimed that two separate accounts were kept was produced, none of the canceled checks of the so-called partnership were produced, none of its letterheads or of the letters sent out by it were produced, nor is the absence of any evidence of such a collateral *476 nature, which might have supported the contention of the petitioner, excused in any way.
The record is not convincing that there was in fact any bona fide delivery of the bill of sale which was executed on July 31, 1919, or any bona fide transfer of the assets named, or that the business was in fact carried on by the partnership and not by the corporation. It does not justify us in disturbing the determination of the Commissioner.
It is obvious that the case cited is not a precedent that supports the contention of either party since it establishes no rule other than that the burden of proof to overcome the determination of the Commissioner is on the petitioner.
The partnership agreement was executed on January 2, 1920. On the same date the petitioner, by appropriate corporate action, transferred its business and certain of its property to the partnership. The fact that no bill of sale was given at that time is not material since the transfer was complete and effective without being evidenced by such an instrument which is no more than a record of a transaction already effected. Corn Exchange Bank, 6 B. T. A. 158. Failure to file the certificate stating the true ownership of a business conducted under a trade name may have subjected the parties to penalties under the laws of Minnesota, but we fail to see that such negligence in any way affected either the transfer of the laundry business or the ownership and taxability of the income derived therefrom. As the Commissioner conceded that the partnership was effective on and after May 31,1921, it is apparent that he refused to recognize its existence prior thereto solely because the bill of sale was given and the certificate of information was filed on that date. We are satisfied with the evidence that the partnership was effective at and after January 2, 1920, and that the income here involved was its income.
Reviewed by the Board.

Decision will be entered for the petitioner.