CHESTER GENZEL v. HARVEY HALVORSON.
JOHN ROEMER, THIRD-PARTY DEFENDANT.

80 N. W. (2d) 854.

January 25, 1957——No. 36,856.

*Robins, Davis & Lyons, Harding A. Orren,* and *Thomas D. Feinberg,* for appellant.

*Palmer, Hood, Crassweller & McCarthy,* for respondent Halvorson.

*Dancer, Montague, Applequist, Lyons, Nolan & Nordine,* for respondent Roemer.

MURPHY, JUDGE.

Plaintiff was a passenger in a car driven by the defendant John Roemer, which collided with another automobile driven by the defendant Harvey Halvorson. The plaintiff brought suit against the two defendants, claiming $56,000 for personal injuries which he suffered in the accident. The jury returned a verdict for the plaintiff in the sum of $3,000, after which he moved in the alternative for a new trial on the issue of damages and, in the event of denial, for a new trial on all of the issues. The motion was made on the minutes of the case.

The trial court ordered that the motion be denied on the condition that each of the two defendants consent to an entry of judgment in the sum of $9,830.92 against them jointly, and otherwise the motion for a new trial on all of the issues was to be granted. The trial court added a memorandum in which it stated that it was aware of the problem of the constitutionality of additur but that it felt that there was justice in the use of additur in this case and that it was following the modern trend and the implied invitation of this court by using it.

Both defendants consented to the entry of judgment in the increased amount. Plaintiff appealed from the order of the trial court on the ground that the use of additur constituted an infringement upon his constitutional guarantee of a jury trial.

■ The defendants point out that the case is not properly before this court because the motion for a new trial was made on the minutes of the trial court and there is no settled case. The defendants' point is well taken.[1] However, the only issue raised by the appeal is

---

[1] See, Rule 59.02 of Rules of Civil Procedure; Scheffer v. Hage, 157 Minn. 14, 195 N. W. 453.

whether the trial court has the power to condition a denial of a new trial on the defendants' consent to an increase in the judgment to be entered against them. Since the file and record before us contain all that is necessary to fully consider the issue raised, we will decide it in the absence of a settled case. Paul v. Pye, 135 Minn. 13, 159 N. W. 1070.

■ Remittitur, the opposite of additur, has been established in Federal and state practice for a long time. Mr. Justice Story used remittitur to reduce a verdict in 1822. Blunt v. Little (C. C. D. Mass.) 3 Fed. Cas. No. 1,578. It has been consistently held in this state that the trial court has the power to use remittitur when excessive damages appear to have been given under the influence of prejudice or passion "so long as the prejudice or passion is not shown to have affected the decision of the jury upon the other issues in the case." Cox v. Chicago G. W. R. Co. 176 Minn. 437, 441, 223 N. W. 675, 677; Kugling v. Williamson, 231 Minn. 135, 42 N. W. (2d) 534; Whitney v. Kaliske, 131 Minn. 261, 154 N. W. 1100; Goss v. Goss, 102 Minn. 346, 113 N. W. 690; Craig v. Cook, 28 Minn. 232, 9 N. W. 712. However, when the passion and prejudice may have affected the other issues in the case, a new trial should be granted rather than using remittitur. McHardy v. Standard Oil Co. 231 Minn. 493, 44 N. W. (2d) 90.

In one case in which the use of remittitur was sustained, the court made a significant statement concerning the question raised in the instant case. "The law is thoroughly established in this state, in harmony with authority elsewhere, that the trial court or this court may grant a new trial for excessive *or inadequate damages* and make it conditional upon the party against whom the motion is directed consenting to a reduction *or an increase* of the verdict." (Italics supplied.) Podgorski v. Kerwin, 147 Minn. 103, 104, 179 N. W. 679, 680.

■ Additur has been declared unconstitutional in the Federal courts as a violation of U. S. Const. Amend. VII guaranteeing the right of a jury trial. Dimick v. Schiedt, 293 U. S. 474, 55 S. Ct. 296, 79 L. ed. 603. It was a five to four decision with Mr. Chief Justice Hughes and Justices Stone, Brandeis, and Cardozo dissenting. The

majority based their opinion on the fact that additur was not in use in England or the United States at the time our constitution was adopted, and Amend. VII provides that no fact tried by a jury shall be reexamined in any other way than according to the rules of the common law.

The majority opinion, hewing closely to a strict interpretation of Amend. VII, emphasized that (293 U. S. 486, 55 S. Ct. 301, 79 L. ed. 611) "The controlling distinction between the power of the court and that of the jury is that the former is the power to determine the law and the latter to determine the facts." In making reference to Mr. Justice Story's decision in the Blunt case, the opinion indicated the possibility that, if the question of remittitur, 293 U. S. 484, 55 S. Ct. 300, 79 L. ed. 610) "were now before us for the first time, it would be decided otherwise." It further views the Blunt decision as a (293 U. S. 485, 55 S. Ct. 300, 79 L. ed. 610) "doubtful precedent" not to be extended to a different case "if the result will be to weaken or subvert what it conceives to be a principle of the fundamental law of the land." While recognizing that remittitur was approved in the Blunt case, and acknowledging it as precedent, the majority distinguished remittitur from the practice of increasing the verdict by reasoning that (293 U. S. 486, 55 S. Ct. 301, 79 L. ed. 611) "where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict."

In a constructive dissent, Mr. Justice Stone, in support of his argument that the constitution did not prohibit the trial judge from adopting the practice of increasing the verdict under proper circumstances, argued that there was nothing in the history of Amend. VII to suggest that it had any purpose but to preserve the essentials of the jury trial as it was known to the common law before the adoption of the constitution; that it does not prescribe any particular procedure by which the trial of issues of fact by a jury shall be obtained, (293 U. S. 491, 55 S. Ct. 303, 79 L. ed. 613) "or forbid any which does not curtail the function of the jury to decide questions of fact as it did before the adoption of the Amendment." He rea-

soned (293 U. S. 493, 494, 55 S. Ct. 304, 79 L. ed. 615) "The authority of the court to determine whether the damages are excessive implies authority to determine when they are not of that character," and, maintaining that the power to decrease a verdict is coextensive with the power to increase a verdict, he stated that "The fact that in one case the recovery is less than the amount of the verdict, and that in the other it is greater, would seem to be without significance." He also pointed out that Amend. VII does not preclude any change in trial procedure because, if that were the case, other practices, such as the requirement of both a special and a general verdict, and the granting of a new trial on the issue of damages alone, would be unconstitutional because those practices were not known to the common law.

A few later Federal cases indicate that Federal courts have been influenced by the dissent in Dimick v. Schiedt. In one case the alternative holding was that a judgment which had been increased by an additur consented to by the defendant from $9,000 to $16,000 should be affirmed because no error occurred at the trial for which a new trial ought to have been granted at common law. United States v. Kennesaw Mountain Battlefield Assn. (5 Cir.) 99 F. (2d) 830, certiorari denied, 306 U. S. 646, 59 S. Ct. 587, 83 L. ed. 1045. In a recent case the court of appeals used additur when it ruled that the trial court erroneously instructed the jury to exclude $100 from their verdict. Cummings v. Boston & M. R. R. (1 Cir.) 212 F. (2d) 133.

However, even if Dimick v. Schiedt is the law in the Federal courts, we are not required to follow it. Amend. VII is not binding upon the states. Pearson v. Yewdall, 95 U. S. 294, 24 L. ed. 436; Walker v. Sauvinet, 92 U. S. 90, 23 L. ed. 678. One procedure, the entry of judgment non obstante veredicto, has been declared unconstitutional under Amend. VII in the Federal courts, Slocum v. New York Life Ins. Co. 228 U. S. 364, 33 S. Ct. 523, 57 L. ed. 879, whereas it is constitutional in Minnesota. See, Kernan v. St. Paul City Ry. Co. 64 Minn. 312, 313, 67 N. W. 71, 72. The reason for the difference is that Minn. Const. art. 1, § 4, only provides that the right of trial by jury "shall remain inviolate," whereas Amend. VII has the addi-

tional clause that "no fact tried by a jury shall be otherwise re-examined in any court in the United States than according to the rules of the common law."

The question of the constitutionality of additur has not been dealt with previously in this state. In Olson v. Christiansen, 230 Minn. 198, 199, 41 N. W. (2d) 248, this court said:

"For the simple reason that, if the jury's verdict had in fact been for $1,000 instead of $500, it would still have been inadequate, we find it unnecessary to consider plaintiff's contention that where passion and prejudice have once motivated the jury the use of additur, followed by defendant's consent thereto, works a deprivation of the right to a jury trial in violation of the constitution."

In Roelofs v. Baber, 194 Minn. 166, 259 N. W. 808, the constitutional question was mentioned but not decided because the defendants had refused to consent to the increased verdict. There are several other cases in which the trial court has attempted to increase the verdict by use of additur but the defendant refused to consent to the increase. Hatley v. Klingsheim, 236 Minn. 370, 53 N. W. (2d) 123; Ford v. Minneapolis St. Ry. Co. 98 Minn. 96, 107 N. W. 817; Marsh v. Minneapolis Brg. Co. 92 Minn. 182, 99 N. W. 630. This court has held that it was within the discretion of the trial court to deny a motion for a new trial subject to the defendant's consent to an additur. Berg v. Ullevig, 244 Minn. 390, 70 N. W. (2d) 133; Greenberg v. Holfeltz, 244 Minn. 175, 69 N. W. (2d) 369; Brannan v. Shertzer, 242 Minn. 277, 64 N. W. (2d) 755.

One Minnesota case which involved a procedure very analogous to additur, if not the very same thing, is Ladd v. Newell, 34 Minn. 107, 24 N. W. 366. That case involved an action for wrongful taking of property where the verdict was for the defendants. The trial court determined that part of the property had been wrongfully taken and ordered a new trial unless the defendants would consent to the entry of judgment against them for the value of that part of the property. The defendants consented, and on appeal by the plaintiff, this court affirmed the lower court, stating as follows (34 Minn. 110, 24 N. W. 368):

"* * * It is the same in principle as an order directing an excess to be remitted from a verdict."

In Mohr v. Williams, 95 Minn. 261, 267, 104 N. W. 12, 14, 1 L.R.A. (N.S.) 439, a case involving remittitur, it was said that:

"* * * Where the damages are susceptible of ascertainment by calculation, and the jury return either an inadequate or excessive amount, it is the duty of the court to grant unconditionally a new trial for the inadequacy of the verdict, or, if excessive, a new trial unless plaintiff will consent to a reduction of the amount given by the jury."

However, if the trial court is under any such duty to grant a new trial unconditionally when the verdict is inadequate, it certainly has not been complied with for additur has been a recognized practice in this state for many years.

An examination of authorities from other jurisdictions indicates varying views as to the validity of additur. New Jersey and Washington have held additur to be within the power of the trial court. Gaffney v. Illingsworth, 90 N. J. L. 490, 101 A. 243; Clausing v. Kershaw, 129 Wash. 67, 224 P. 573. Additur is now provided for by statute in Washington. Rev. Code of Washington, § 4.76.030. Rhode Island has a statute which requires the trial court to permit the losing party to consent to an additur before it can grant a new trial for inadequacy of damages. Public Laws of Rhode Island 1939-40, c. 946, § 1. New York has held additur to be constitutional, at least when the damages are increased to the highest amount awardable as a matter of law. O'Connor v. Papertsian, 309 N. Y. 465, 131 N. E. (2d) 883. Massachusetts, Illinois, and Delaware hold that additur is within the power of the trial court when liquidated damages are involved. Clark v. Henshaw Motor Co. 246 Mass. 386, 140 N. E. 593; Yep Hong v. Williams, 6 Ill. App. (2d) 456, 128 N. E. (2d) 655; Rudnick v. Jacobs, 39 Del. 169, 197 A. 381. California and Pennsylvania hold additur to be beyond the power of the trial court. Dorsey v. Barba, 38 Cal. (2d) 350, 240 P. (2d) 604; see, Raymond L. J. Riling, Inc. v. Schuck, 346 Pa. 169, 171, 29 A. (2d) 693, 694.

Wisconsin permits the trial court to give the plaintiff the option of accepting the lowest amount of damages a fairminded jury would probably allow or to have a new trial, Risch v. Lawhead, 211 Wis. 270, 248 N. W. 127, or it can give the defendant the option to be assessed the highest amount of damages a fairminded jury would probably allow or to have a new trial. See, McCauley v. International Trading Co. 268 Wis. 62, 71, 66 N. W. (2d) 633, 638.

While it is apparent there is a wide area of disagreement among the authorities as to this issue, we think that the better authority, as expressed by Mr. Justice Stone's dissent in Dimick v. Schiedt, *supra*, as well as a reasonable appraisal of Minn. Const. art. 1, § 4, in the light of recognized practice in this state, compels the conclusion that the practice of using additur is in the interest of the sound administration of justice and that in the case before us the trial court was within its constitutional power in raising the amount of damages with the consent of the defendant. This practice avoids the necessity of a new trial with its accompanying expense and delay. 23 Calif. L. Rev. 536, 537. It does not prejudice the plaintiff's interests any more than the use of remittitur prejudices those of defendant. 44 Yale L. J. 318, 324. Under the practice the plaintiff receives more than the jury did award him, and if the damages as increased are still inadequate, the plaintiff may appeal on that ground (Rule 59.01[5] of Rules of Civil Procedure), at which time the appellate court will have the benefit of the trial court's judgment as to what may constitute an adequate verdict. To the extent that Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A.(N.S.) 439, holds to the contrary, it is hereby overruled.

Order affirmed.