## JOSEPH WARREN WALSER v. LLOYD JOSEPH VINGE.

146 N. W. (2d) 537.

October 28, 1966—No. 39,503.

*Bentson & Kalina,* for appellant.

*Murnane, Murnane, Battis & deLambert* and *E. W. Murnane,* for respondent.

MURPHY, JUSTICE.

This is an appeal from an order of the trial court which granted a new trial on the issue of damages unless defendant should consent to an additur to the jury award. Although the defendant filed consent to the additur, plaintiff regarded the award as still inadequate and has appealed.

Thereafter, defendant filed a notice of review pursuant to Minn. St. 605.065.[1]

Plaintiff, Joseph Warren Walser, and his wife, Gloria, commenced separate actions against defendant, Lloyd Joseph Vinge. They sought recovery of damages for personal injuries sustained in an automobile collision caused by the defendant's negligence. The actions were tried together. An award of $1,024.20 was returned in favor of plaintiff's wife; she did not appeal. The plaintiff, awarded $5,375.80, made a motion for a new trial on the issue of damages or on all issues. The trial court denied the motion on the condition that defendant should consent to an additur of $10,000, making a total award of $15,375.80. In his memorandum attached to the order the trial court said:

"There is clear evidence of Defendant's negligence here and the jury found for the Plaintiff so nothing is to be gained by a duplicate trial on the issue of negligence. Olson v. Christiansen, 230 Minn. 198, 41 N. W. 2nd 248. In addition, it is also clear that the verdict was not a compromise between the right of recovery and the amount of damages, so there is no right to a new trial on all of the issues. Blacktin v. McCarthy, 231 Minn. 303, 42 N. W. 2nd 818.

"The Court is satisfied that the verdict was clearly inadequate under the evidence and was a result of passion and prejudice on the part of the jury and considers the fact that Plaintiff's counsel in his closing argument requested the sum of $5,375.80 (the exact amount of the jury verdict) for Plaintiff's past medical expenses alone from the jury as convincing evidence of this inadequacy and prejudice." [2]

---

[1] Minn. St. 605.065 provides: "A respondent may obtain review of a judgment or order entered in the same action which may adversely affect him by serving a notice of review on all parties to the action who may be affected by the judgment or order. The notice of review shall specify the judgment or order to be reviewed and shall be served upon the other parties within 15 days after service of the notice of appeal on that respondent and thereafter shall be filed with the clerk of the supreme court."

[2] We gather that the trial court's action was prompted by the belief that the jury was influenced by collateral facts which tended to reflect unfavorably on the personal life of the plaintiff. These collateral facts, which we do

It appears from the record that at the time of trial the plaintiff was 40 years of age, married with two children. On September 11, 1962, accompanied by his family, he was proceeding in his automobile in a northerly direction on Highway No. 35W in the right-hand lane behind traffic which had stopped because of an accident ahead. After his car had come to rest, the plaintiff applied his emergency brake. About 20 or 30 seconds later he was struck from behind by defendant's automobile forcing plaintiff's car forward 16 or 17 feet. The plaintiff sustained an injury to the lower back region and was examined at a hospital within a few hours after the collision. He continued his regular work as a linoleum mechanic or layer, installing linoleum floors, counter tops, bathroom tiles, and the like over a period of approximately 4 weeks before consulting a physician. During this interval he had discomfort and increased difficulty in sleeping. Medical opinion was that he had sustained a herniation of the lumbosacral disc. He was hospitalized on four different occasions between October 28, 1962, and February 1964. In November 1962, he submitted to surgery as a result of which degenerative disc material was removed from the lumbar disc area and the lumbosacral disc area. A second laminectomy operation was performed during a confinement between December 1962 and January 1963. Later, as part of the course of treatment, he was placed in a cast which extended from hips to chest. He complained of pain and discomfort during most of the course of treatment.

The record would indicate that after the plaintiff returned to work his efficiency was substantially impaired, and it was found that he was slower, suffered from pain, and was emotionally distressed. Where he was formerly a proficient workman paid a premium wage, it was now found necessary to provide him with less strenuous work. During the 12-month period in 1961, he earned approximately $8,600, of which about $1,000 was attributable to overtime. In 1962, over a 9½-month period ending October 11, he earned approximately $7,000, of which $1,000 was attributable to overtime. In 1963, he worked a total of about 230 hours and, from January 1, 1964, to February 6, 1964, immediately prior to

not discuss, should not have influenced the jury in passing upon the merits of the plaintiff's claims.

the trial, he worked a total of approximately 137 hours. The plaintiff's medical expert testified that the plaintiff sustained a permanent injury resulting in a 20-percent loss of the back on an organic basis. The defendant's medical expert testified that plaintiff's condition at the present time could not causally be connected with the accident but was attributable to prior diseases and injuries.

With reference to damages, the record establishes that the plaintiff incurred doctor and hospital expenses in the sum of $5,353.30. This is almost the exact amount of the verdict. The verdict did not include compensation for loss of wages during the time of the plaintiff's disability which would roughly approximate $8,800 on the basis of straight time and an additional $1,000 if anticipated overtime were included. No allowance was made for pain and suffering or for permanent injuries which the plaintiff allegedly sustained.

The issue presented is whether the trial court erred in not unconditionally granting a new trial because of inadequate damages. It may be admitted at the outset that there is no serious question as to the issue of liability. The plaintiff was entitled to a reasonable amount of damages for the injuries which he sustained. The jury returned a verdict based on passion and prejudice which did not come close to approximating the damages to which plaintiff was entitled. This fact was recognized by the trial court in substantially increasing the verdict by additur.

This court in Genzel v. Halvorson, 248 Minn. 527, 80 N. W. (2d) 854, approved the use of an additur in the trial court's discretion and expressed the view that there may be circumstances when that practice is in the interest of the sound administration of justice and avoids the necessity of a new trial with its accompanying expense and delay. We also noted that if the plaintiff is not satisfied by the award made by the trial court, he may appeal as provided by Rule 59.01(5), Rules of Civil Procedure, at which time this court will have the benefit of the trial court's judgment as to what may constitute an adequate verdict.

■ The few authorities which have considered the precise question which the record presents hold that a verdict is invalid which awards the exact amount of medical expenses and at the same time disallows dam-

ages for other elements of loss which have been properly proved. Annotation, 20 A. L. R. (2d) 276.

■ Among the more recent cases reviewed by this court which relate to the inadequacy of verdicts allegedly resulting from passion and prejudice of the jury are Hurr v. Johnston, 242 Minn. 329, 65 N. W. (2d) 193; Seydel v. Reuber, 254 Minn. 168, 94 N. W. (2d) 265; Dziuk v. Loehrer, 266 Minn. 153, 123 N. W. (2d) 86; Stacy v. Goff, 241 Minn. 301, 62 N. W. (2d) 920; and Krueger v. Knutson, 261 Minn. 144, 111 N. W. (2d) 526.

In Hurr v. Johnston, *supra,* we pointed out that where there does not appear to have been a compromise between the right of recovery and the amount of damages, there is no right to a new trial on all issues and that therefore, if the verdict is inadequate, a new trial should be ordered on the issue of damages alone. We also held that where the injuries and damages incurred, both general and special, were a direct result of the accident and the size of the verdict appears inadequate and indicates that it was the result of a compromise between the right of recovery and the amount of damages, then if a new trial is ordered it must be on all issues. We there said (242 Minn. 337, 65 N. W. [2d] 197):

"The plaintiffs here were either entitled to recover the actual special damages proved and something more than what might be termed a nominal amount for general damages or they were not entitled to recover at all. Where general damages are substantial, an award of nothing therefor, or a mere nominal award, will not suffice."

We pointed out in Seydel v. Reuber, 254 Minn. 168, 173, 94 N. W. (2d) 265, 269, that "an additur increasing the verdict will not cure the deficiency if the amount of the recovery, in spite of the additur, still remains less than the amount of the special damages proved" and that a "mere nominal award will not suffice if substantial general damages are proved." While we recognized in Seydel that the granting of a new trial on the ground of inadequacy of damages apparently given under the influence of passion and prejudice is largely within the discretion of the trial court, we held nevertheless that the "failure on the part of the jury

to give the case impartial and conscientious consideration" required a new trial on the issue of damages only.

As we have indicated in Hurr and Seydel, where a jury awards recovery for pecuniary damages, they necessarily find the defendant negligent and responsible for all damages sustained. They are accordingly bound to take into consideration all of the elements of damage which are proved. It is manifest in this case that the jury unfairly and arbitrarily failed to take into consideration proven damages resulting from pain and suffering, loss of wages, and impairment of earning capacity. Because of the apparent unfairness of the jury and its disregard of the court's plain instructions, it is our view that the plaintiff should have a new trial on the issue of damages. The right to a jury trial means the right to a fair and impartial jury. The record in this case is so fatally infected with bias and prejudice as to be beyond repair by additur.

New trial granted on issue of damages only.

OTIS, JUSTICE (dissenting).

I concur in holding that the damages awarded by the jury were inadequate as a matter of law but do not agree that the additur of $10,000 should be set aside in favor of a new trial on the issue of damages.

This matter required 8 days of trial and resulted in a transcript of nearly 1,000 pages, the greater part of which was devoted to the medical testimony of 9 witnesses. We have consistently encouraged trial courts to rectify verdicts which reflect an improper award of damages, and in my opinion the court here acted correctly in pursuing that policy.[1]

"* * * To warrant the granting of a new trial by this court on the ground of inadequate or insufficient damages, the record must indicate a clear abuse of discretion on the part of the trial court in denying the motion for a new trial." Krueger v. Knutson, 261 Minn. 144, 156, 111 N. W. (2d) 526, 534.

While it is true that plaintiff claimed special damages exceeding $10,000, the record supports the conclusion implicit in the jury's verdict

---

[1] "This practice [additur] avoids the necessity of a new trial with its accompanying expense and delay." Genzel v. Halvorson, 248 Minn. 527, 534, 80 N. W. (2d) 854, 859.

and in the additur of the trial court that a substantial part of plaintiff's damages resulted from causes unrelated to the accident. He worked every day for a month following the accident, during which time he did not consult a physician. For many years he had suffered from an illness which the jury could find contributed to his disability. In addition he sustained a prior injury to his back in 1957 and the effect of these disabilities the trial court was entirely competent to assess.

Where the court has exercised the discretion we have urged it to assume [2] and the adjustment is well within the reasonable limits of what the evidence supports, if the adverse party has consented to the revision of the award, in my opinion the interests of justice require that the matter be laid to rest. I would affirm.

---

[2] In Colgan v. Raymond, 275 Minn. 219, 225, 146 N. W. (2d) 530, 534, filed herewith, we held: "As we have said in many cases, we must be influenced by the fact that the trial court is in a much better position than are we to pass upon the question of whether a verdict is excessive or inadequate."