**Clem R. SCHIEK and Betty B. Schiek, Plaintiffs,**

v.

**DULUTH HEATING AND SHEET METAL SUPPLY COMPANY and William Murdock Ohnsted, Defendants.**

No. 5–69 Civ. 54.

United States District Court, D. Minnesota, Fifth Division.

Sept. 16, 1971.

Nilles, Hanse, Selbo, Magill & Davies, Ltd., by Frank J. Magill, Fargo, N. D., for plaintiffs.

Reavill, Neimeyer, Johnson, Fredin & Killen, by Thomas R. Thibodeau, Duluth, Minn., for defendants.

NEVILLE, District Judge.

Plaintiffs were invovled on May 24, 1969 in an automobile accident with a Chevrolet pickup truck owned by Duluth Heating and Sheet Metal Supply Company and being driven by defendant William Murdock Ohnsted with its permission and consent. Plaintiff Betty B. Schiek was driving a Pontiac car and was in the process of passing defendant's car on a rural highway, traveling at approximately 70 to 75 miles per hour in a 65 mile speed limit zone. Her husband, the plaintiff Clem R. Schiek, was a passenger in the front seat of the Pontiac. The jury found plaintiff Betty B. Schiek to be 60% negligent and defendant Ohnsted to be 40% negligent. Under the Minnesota Comparative Negligence statute, this bars plaintiff Betty B. Schiek from any recovery. Minn. Stat. § 604.01. Since there was no evidence adduced at the trial to support plaintiff Clem R. Schiek's contributory negligence, the court did not submit that question to the jury.

In answer to a special interrogatory, the jury found plaintiff Clem R. Schiek's damages to be $4,713.54. This was the exact amount contained on an exhibit introduced by plaintiffs showing a total and the details of his special damages, being plaintiffs' Ex. 45. Clem R. Schiek received rather serious and at least to some extent disabling injuries, including a two-foot scar on the left shoulder, a loss of some motion thereof, two bone fractures and, according to one of the medical witnesses, a permanent partial disability of 35% in his left shoulder. Plaintiff Clem R. Schiek contends the verdict should be set aside for the jury having found for plaintiff, some award should have been made to plaintiff over and above the amount of his actual special damages to compensate him for his injuries.

Walser v. Vinge, 275 Minn. 230, 146 N.W.2d 537 (1966); and Hurr v. Johnston, 242 Minn. 329, 65 N.W.2d 193, 197 (1954), are two Minnesota cases lending strong support for plaintiffs' position.

It can be argued that of plaintiff Clem R. Schiek's claim for special damages, some $1,020.36 represented "Paid on behalf of Betty" and that since she was not entitled to a recovery, the jury in effect by awarding $4,713.54 actually included $1,020.36 for plaintiff Clem R. Schiek's personal injuries. The jury received no specific instructions on this aspect. Even were the court to adopt

this argument, this amount of $1,020.36 for Clem R. Schiek's injuries, had it been so designated or intended by the jury, would be sufficiently inadequate as to shock the conscience of the court and would justify the granting of a new trial. Since plaintiff Clem R. Schiek is free from contributory negligence, as a matter of law, and since the jury found that defendant Ohnsted was guilty of negligence which was a contributing or proximate cause of plaintiff Clem R. Schiek's injuries, they were bound to award him a sum which would fully and fairly compensate him for his injuries, pain, suffering and disability. Granted that the jury has wide latitude in so determining, in the court's opinion, the award of only special damages of either $4,713.54 or $3,693.18 plus $1,020.36 for his personal injuries, is inadequate and requires a new trial. The court was not impressed with the evidence of a claimed wage loss, but does feel that if plaintiff is to recover, as the jury found, the amount awarded is too minimal to compensate for his injuries.

As the Minnesota Supreme Court said in *Walser, supra*:

"As we have indicated in Hurr and Seydel, where a jury awards recovery for pecuniary damages, they necessarily find the defendant negligent and responsible for all damages sustained. They are accordingly bound to take into consideration all of the elements of damage which are proved. It is manifest in this case that the jury unfairly and arbitrarily failed to take into consideration proven damages resulting from pain and suffering, loss of wages, and impairment of earning capacity. Because of the apparent unfairness of the jury and its disregard of the court's plain instructions, it is our view that the plaintiff should have a new trial on the issue of damages. The right to a jury trial means the right to a fair and impartial jury. * * * " 146 N.W.2d at 540.

It does not appear here that the determination of the amount of damages was the result of a compromise by the jury. The jury was asked to answer several questions in a special verdict form, the first three relating to negligence and the latter reading:

"4. Irrespective of the percentage of negligence attributable to either of those named in question 3 above, state the total amount of damages in dollars sustained as a proximate result of the occurrence of May 24, 1969

\* \* \* \* \* \*

(b) by plaintiff Clem R. Schiek $4713.54"

Again, as the Minnesota Supreme Court said in *Walser*:

"In Hurr v. Johnston, supra, we pointed out that where there does not appear to have been a compromise between the right of recovery and the amount of damages, there is no right to a new trial on all issues and that therefore, if the verdict is inadequate, a new trial should be ordered on the issue of damages alone. * * *

'The plaintiffs here were either entitled to recover the actual special damages proved and something more than what might be termed a nominal amount for general damages or they were not entitled to recover at all. Where general damages are substantial, an award of nothing therefor, or a mere nominal award, will not suffice.' " 146 N.W.2d at 540.

Accordingly, the new trial is granted to plaintiff Clem R. Schiek on the issue of damages only.