DAVID NEAL THOMAS and )
BRENDA THOMAS, )
)
       Plaintiffs/Appellees, )     Appeal No.
)      01-A-01-9608-CV-00380
v. )
)      Davidson Chancery
MICHAEL S. CROCKETT and )      No.     94C-1861
WILLIAM T. CROCKETT, )
)
       Defendants, )
)
and )
)
AUTO OWNERS INSURANCE COMPANY, )
)
       Unnamed Defendant/Appellant. )

**FILED**

**February 28, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE WALTER C. KURTZ, CHANCELLOR

J. MITCHELL GRISSIM, JR.
THOMAS M. HORNE
Mitch Grissim & Associates
325 Union Street
Nashville, Tennessee 37201
     ATTORNEYS FOR DAVID NEAL THOMAS


JAMES D. KAY, JR.
BRIDGETT A. WOHLPART
Suite 340M, Washington Square Two
222 Second Avenue North
Nashville, Tennessee 37201
     ATTORNEYS FOR AUTO OWNERS

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# OPINION

This is an appeal by unnamed defendant/appellant, Auto Owners Insurance Company ("Auto Owners"), the uninsured/underinsured carrier of plaintiff/appellee, David Neal Thomas, from the decision of the trial court which suggested an additur of $12,500.00 to the judgment of $50,000.00 received by Mr. Thomas.

On 18 June 1993, plaintiffs, David and Brenda Thomas, were involved in an automobile accident on Nolensville Road. The accident occurred when Michael Crockett crossed the center line and collided head-on into plaintiffs' car. As a result of the accident, Mr. Thomas suffered a displaced fracture of the right humerus and a nondisplaced fracture of the patella. Dr. James Renfro performed surgery on Mr. Thomas' shoulder and immobilized his knee. On 14 June 1994, plaintiffs filed a claim against defendants, Michael and William Crockett. Plaintiffs also served process on Auto Owners, their insurance company. The named defendants and Auto Owners filed answers to the complaint.

Prior to trial, numerous actions occurred which limited the jury's role to a determination of Mr. Thomas' damages. First, plaintiffs entered a voluntary dismissal as to William Crockett. Later, Mrs. Thomas settled her case. Finally, Michael Crockett, who had insurance limits of $25,000.00 per person per accident, admitted liability. Thus, the only issue left for the jury was Mr. Thomas' damages.

The evidence at trial showed that Mr. Thomas' medical expenses were $23,050.51 and that his lost wages amounted to $2,340.00. Dr. Renfro testified at trial by videotaped deposition. During the deposition, Dr. Renfro testified that Mr. Thomas suffered a two percent impairment to the person as a whole as a result of the knee injury and a seven percent impairment to the person as a whole as a result of the shoulder injury. After hearing the parties' arguments as to the amount of damages, the jury determined that Mr. Thomas was entitled to $50,000.00 in compensatory damages. On 16 February 1996, the trial court entered an order confirming the jury's award.

On 23 February 1996, Mr. Thomas filed a "motion for new trial or in the

alternative for an additur." Mr. Thomas claimed that the jury's verdict was "clearly inadequate in light of the evidence." Specifically, he argued that the jury's award of approximately $25,000.00 for past and future pain and suffering, loss of enjoyment of life, permanent disability, and future loss of earning capacity was insufficient. Michael Crockett filed a response to the motion which Auto Owners later adopted. In addition, Michael Crockett's insurer and Auto Owners each deposited $25,000.00 with the court clerk. On 25 March 1996, the court entered an order suggesting an additur of $12,500.00. Auto Owners paid this amount into court under protest pursuant to Tennessee Code Annotated section 20-10-101(b)(1).

On 26 March 1996, Auto Owners filed a motion to alter or amend judgment. The motion requested the court amend its decision awarding an additur and award Auto Owners a judgment against Michael Crockett in the amount of $37,500.00. On 20 August 1996, the trial court entered an order awarding Auto Owners a judgment against Michael Crockett in the amount of $25,000.00. The court reserved ruling on whether to issue a judgment against Michael Crockett for the additional $12,500.00 pending a ruling from this court.

On 24 April 1996, Auto Owners filed a notice of appeal as to the order entered 25 March 1996. The trial court entered three orders after Auto Owners filed the notice of appeal. On 26 April 1996, the court awarded Mr. Thomas discretionary costs of $1,171.77. On 28 May 1996, the court granted Auto Owners' unopposed motion to stay all proceedings to enforce the judgment pursuant to Rule 62 of the Tennessee Rules of Civil Procedure. Finally, on 31 May 1996, the court approved an agreed order allowing Mr. Thomas to withdraw $50,000.00 from the funds held by the court.

Auto Owners' only issue on appeal is "[w]hether the jury's verdict of $50,000.00 was both adequate and within the range of reasonableness and should be restored where the appellee's special damages were less than $25,000.00."

We review questions pertaining to additur pursuant to Tennessee Rule of Appellate Procedure 13(d), i.e., we review the trial court's decision suggesting additur de novo accompanied by a presumption of correctness unless the

preponderance of the evidence is otherwise. Tenn. Code Ann. § 20-10-101(b)(2) (1994); ***Thraillkill v. Patterson,*** 879 S.W.2d 836, 841 (Tenn. 1994).

In ***Foster v. Amcon International, Inc.***, 621 S.W.2d 142 (Tenn. 1981), Justice Drowota, writing for the court stated:

> In *Magness*, Justice Cooper recognized the difficulties the trial and appellate courts were having in applying the guidelines of *Smith v. Shelton* when he stated, "[t]his is one of several cases where the application for permission to appeal has been granted to consider the issue of damages *only*. In each instance, the review has resulted from a misunderstanding by the trial court or the Court of Appeals of the holding of this court in *Smith v. Shelton*." In our opinion, part of these difficulties stem from the inflexible application of the range of reasonableness test (inflexible in that, if the verdict is within the range of reasonableness, the trial judge may not alter it). In *Shelton* the range of reasonableness test was formulated with the following guideline in mind:
>
>> The amount of the verdict is primarily for the jury to determine, and next to the jury the most competent person to pass upon the matter is the judge who presided at the trial and heard the evidence.
>
> 569 S.W.2d at 427, *citing Reeves v. Catignani*, 157 Tenn. 173, 176, 7 S.W.2d 38, 39 (1928). In considering additurs and remittiturs, other guidelines or factors must be given some, if less, consideration.
>
> In a leading and oft cited case on the constitutionality of the additur statutes, the Supreme Court of Minnesota made the following observations about the purpose of additur:
>
>> The practice of using additur is in the interest of the sound administration of justice . . . This practice avoids the necessity of a new trial with its accompanying expense and delay.
>
> *Genzel v. Halvorson*, 248 Minn. 527, 80 N.W.2d 854, 859 (1957). *See, also, Jehl v. Southern Pacific Co.*, 66 Cal.2d 821, 59 Cal.Rptr. 276, 427 P.2d 988, 995 (1967). It need hardly be added that the concern for efficient judicial administration is even more pressing now than when *Genzel* was decided in 1957.
>
> Our additur statute gives the trial judge the authority to suggest an additur when in his opinion the verdict is not adequate. *Shelton* appears to have restricted the authority of the trial judge to suggest an additur when the jury verdict is within the range of reasonableness of the credible proof. However, such an interpretation would contradict the clear language and intent of the statute. The practice of using additur and remittitur is in the interest of the sound administration of justice. The practice avoids the necessity of a new trial with its accompanying expenses and delay. *Genzel v. Halvorson, supra,* and *Jehl v.*

> *Southern Pacific Co., supra.*
> We therefore modify *Shelton* to the extent that trial judges may suggest adjustments when the jury verdict is within the range of reasonableness, as an alternative to the practice of granting a new trial, if they are *of the opinion that the jury verdict is not adequate.* T.C.A.§ 20-10-101. *See also*, T.C.A. § 20-10-102. In so holding, we do not intend to in any way alter our position that in personal injury cases the amount of compensation is primarily for the jury, and next to the jury, the most competent person to pass on the matter is the trial judge.

*Id.* at 146-47 (footnotes omitted). Here, the trial court concluded the verdict was inadequate. We are of the opinion the evidence in this record fully supports the trial court's conclusion.

Mr. Thomas suffered an injury requiring surgery and hospitalization. He missed work for some six weeks and could only perform light duty for some four weeks. Doctors treated Mr. Thomas for a period of one year during which time he underwent three shoulder manipulations and a number of physical therapy courses. As we have stated, Mr. Thomas incurred medical expenses of more than $23,000.00 and lost wages of $2,340.00. He will have permanent impairment to both his left knee and right shoulder and will have difficulty and limitations in reaching and lifting overhead for the remainder of his life. We agree with the trial court that the jury's verdict of $50,000.00 was inadequate to compensate Mr. Thomas for his injuries. The evidence does not preponderate against the trial court's suggestion of an additur of $12,500.00.

Therefore, it results that the judgment of the trial court is affirmed, and the cause is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed to unnamed defendant/appellant, Auto Owners Insurance Company.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE