*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1758**

Madina Ula,
Appellant,

vs.

Bertil Eugene Gunnarson,
Respondent.

**Filed July 7, 2014
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27CV124650

Nuro Bedaso Dedefo, Columbia Heights, Minnesota (for appellant)

Colleen M. Spreadbury, Mark K. Hellie, Regional Legal Staff Counsel, American Family Insurance, Eden Prairie, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Hooten, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**REYES**, Judge

In this appeal arising from a personal-injury action, appellant challenges the jury's damages award, arguing that the district court erred by (1) not admitting the testimony of appellant's chiropractor; (2) not admitting evidence of appellant's other medical bills; (3) excluding a question relating to appellant's transportation costs on the special-verdict

form; (4) admitting evidence that appellant received unemployment benefits; and (5) denying appellant's motion for a new trial or additur. We affirm.

## FACTS

On April 4, 2011, respondent Bertil Gunnarson was driving in a parking lot when he hit a pedestrian, appellant Madina Ula. Ula was taken to the hospital. She experienced pain, but did not fully communicate that to her treating physicians, and once she was at home, she claimed that she could not lift one of her arms. She continued to feel pain in her left shoulder and neck and sought treatment from a family practice physician. She also saw a chiropractor, which she claimed was helpful for treating her pain.

Ula commenced a personal-injury action against Gunnarson, claiming that she sustained permanent injuries and disability, suffered from pain, had lost wages, and incurred $33,000 in medical expenses. Gunnarson admitted liability, but contested damages, and a jury trial was held. Gunnarson did not personally appear for trial, and his counsel informed the jury at the beginning of the proceedings, using language agreed upon by the parties and the court, that Gunnarson would not be present because of his unfavorable health.

At trial, Ula's doctor testified that she prescribed Tylenol and rest after Ula's first post-accident visit. When Ula returned complaining of arm pain, her doctor took an x-ray and MRI of Ula's shoulder and observed a small tear in one of the tendons. The doctor also determined that Ula suffered from some arthritis in her shoulder. The doctor referred Ula for physical therapy and to an orthopedic specialist. Surgery was not

2

recommended, and the doctor continued to monitor Ula, concluding that she would likely need ongoing management of her pain. The district court admitted evidence relating to Ula's chiropractic treatment but excluded the testimony of Ula's chiropractor because Ula failed to disclose the witness during discovery.

Gunnarson offered the testimony of his own medical expert, an orthopedic surgeon who examined Ula following the accident and prior to trial. Based on his examination of Ula and her medical records, Gunnarson's expert testified that Ula's complaints of pain were unrelated to the accident, opining that while she may have strained her spine as a result of the accident, her pain was related to a degenerative condition. He rejected any claim that Ula's shoulder pain was related to the accident, and he concluded that the treatment Ula's doctor provided in the six to eight weeks after the accident would have addressed any related ailments.

Gunnarson also contested Ula's lost-wage claims because Ula was not employed at the time of the accident and because she conceded, by filing for unemployment benefits, that she was able to work. Ula testified that she filed for unemployment benefits when she was out of work, which was common because of the seasonal nature of her job, but stated that she was unaware that one of the requirements for eligibility included an affirmation that the applicant is not disabled and is able to work.

The jury returned a special verdict, finding that Ula did not suffer permanent injuries from the accident. The jury awarded Ula $1,000 in damages for past pain, disability, and emotional distress; $3,000 for past medical expenses; and nothing for past wage loss, diagnostic tests, and future damages. Ula filed a motion for a new trial, or, in

3

the alternative, additur of $30,000 to the final judgment for past medical expenses.  Ula argued that the verdict was against the weight of the evidence, claiming that the jury misused information that Ula received unemployment benefits after the accident and that the jury was prejudiced by its unwarranted sympathy for Gunnarson.  The district court denied Ula's motion, and this appeal followed.

## D E C I S I O N

### I.      Standard of review

"The admission of evidence rests within the broad discretion of the [district] court and its ruling will not be disturbed unless it is based on an erroneous view of the law or constitutes an abuse of discretion." *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45-46 (Minn. 1997) (quotation omitted).  The district court "has broad discretion regarding the form and substance of special verdict questions." *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 313 (Minn. 1995).  "We review a district court's new trial decision under an abuse of discretion standard." *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 892 (Minn. 2010).  An appellate court "will not set aside a jury verdict on an appeal from a district court's denial of a motion for a new trial unless it is manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict." *Navarre v. S. Wash. Cnty. Sch.*, 652 N.W.2d 9, 21 (Minn. 2002) (quotations omitted).  The decision of whether to grant additur rests within the district court's discretion. *Rush v. Jostock*, 710 N.W.2d 570, 577 (Minn. App. 2006), *review denied* (Minn. May 24, 2006).

4

## II.     Evidentiary rulings and special-verdict form

On appeal, Ula challenges a number of the district court's evidentiary rulings, arguing that the district court abused its discretion by not admitting the testimony of Ula's chiropractor or evidence of her other medical bills. Ula also argues that the district court abused its discretion by admitting evidence that she received unemployment benefits and by excluding a question relating to her transportation costs on the special-verdict form. But "matters such as trial procedure, evidentiary rulings and jury instructions are subject to appellate review only if there has been a motion for a new trial in which such matters have been assigned as error." *Sauter v. Wasemiller*, 389 N.W.2d 200, 201 (Minn. 1986). Ula did not challenge the district court's evidentiary rulings or jury instructions in her motion for a new trial. These issues are waived as a result. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Even if not waived, the district court did not abuse its discretion in making these rulings. First, the district court did not admit the testimony of Ula's chiropractor because the chiropractor was not disclosed as a witness during discovery, and the testimony was duplicative of information already contained in the admitted chiropractic records. Minn. R. Evid. 403. Second, the district court refused to admit evidence of Ula's other medical bills for lack of foundation, finding that they related to medical services that were unrelated to Ula's alleged injuries and also contained erroneous charges that were later removed. Some billing entries did not even contain information that identified Ula as the patient, and the district court refused to admit them for a lack of reliability. Third, the district court admitted records that Ula received unemployment benefits, concluding that

5

their admission was not unfairly prejudicial when Ula, who claimed damages for lost wages, received unemployment benefits for which she affirmed that she was not disabled and was able to work. *Id.* Finally, the district court, after admitting evidence that Ula traveled to receive treatment for her injuries, excluded a question from the special-verdict form relating to Ula's transportation costs because there was no evidence in the record establishing that Ula had actually incurred costs for transportation. Moreover, Ula's request to include the question was untimely. All of these matters are in the district court's sound discretion, and, based on a thorough review of the record, the district court did not abuse its discretion in making its determinations.

## III.    Motion for new trial or additur

Ula argues that the district court erred in denying a new trial or additur because information that Ula received unemployment benefits after the accident "inflamed the jury" and that the verdict is so inadequate it could only have been rendered on account of unfair prejudice. This claim has no merit.

Ula relies on *Walser v. Vinge*, 275 Minn. 230, 146 N.W.2d 537 (1966), to support her argument. In *Walser*, the jury did not award damages for pain or suffering or for wage loss, despite testimony regarding plaintiff's two surgeries and diminished ability to work. *Id.* at 232-33, 146 N.W.2d at 538-39. The district court denied plaintiff's request for a new trial, and the supreme court reversed, holding that, when liability is established and a jury awards pecuniary damages, a jury should also "take into consideration proven damages resulting from pain and suffering, loss of wages, and impairment of earning capacity." *Id.* at 235, 146 N.W.2d at 540.

Appellant's reliance on *Walser* is misplaced.  Unlike that case, where there was compelling testimony of permanent injury, here there was no objective evidence of permanent injury, and no surgery was performed as a result of the accident.  *Id.* at 232-33, 146 N.W.2d at 538-39; *Rush v. Jostock*, 710 N.W.2d 570, 577-78 (Minn. App. 2006), *review denied* (Minn. May 24, 2006).  Gunnarson's expert testified that Ula's complaints of pain were unrelated to the accident and that short-term treatment would have addressed any ailments suffered as a result of the accident.  The jury was free to accept or reject that evidence.  Similarly, based on the testimony and evidence, there is no support for Ula's claim that the jury misused information that Ula received unemployment benefits.  The jury was free to reject Ula's claim that she suffered lost wages as a result of her injuries and awarded damages consistent with a short duration of medical care from a family practitioner after the accident.  The district court did not abuse its discretion by denying Ula's motion for new trial or additur.

**Affirmed.**